## MILLER v. GARDNER ET AL.

1. **Practice: EXCEPTION TO INSTRUCTIONS.** An exception to instructions after verdict, which specifies them by number, is sufficiently definite as to the part objected to; but, as to the ground of objection, is not explicit enough in stating they "are not applicable to the case."

2. **Surety: MISTAKE: KNOWLEDGE OF.** If a party signs a note as surety, under a mistake of fact, believing that he is simply renewing a note on which he is already held, and the payee knows that he is signing it under such a misapprehension, then the surety is not liable on the note in the hands of the payee; but *aliter*, if the payee has no such knowledge, and believes that the maker is aware he is not renewing the note, but is undertaking a new obligation. The extension of time constitutes a sufficient consideration for the signing of the note by the surety, provided it be not done under a mutual mistake.

3. **Usury: ATTORNEY'S FEE: PROMISSORY NOTE.** An attorney's fee, provided for in a note held to be usurious, cannot be recovered in an action against the maker.

*Appeal from Monroe District Court.*

THURSDAY, OCTOBER 10.

ACTION upon a promissory note for seven hundred dollars, payable to the order of plaintiff, and signed by the defendants

as makers.   The defendants answered, averring that the note was usurious, and offered to confess judgment in favor of plaintiff for the sum of six hundred and two dollars, and judgment for the interest to the school fund; that the defendants Noble and Gardner were principal debtors on said note, and the defendant Frits was surety.

Frits filed an amended answer, in which he averred that his signature to the note sued upon was obtained by fraud and deceit; that at the time said note was made he went into the bank of plaintiff for the purpose of renewing notes upon which he was already liable, and did not intend to incur any new liability; that the plaintiff, for the purpose of deceiving defendant, placed said note in a package with others, that were renewals of notes for which defendant was already held as surety, and by reason of said arrangement of the notes defendant's signature was fraudulently obtained to the note in suit; that if defendant had known that in signing said note he was assuming any new liability he would not have signed it.

Pending the trial defendant Frits again amended his answer by averring that said note was signed by him through mistake, believing it was a renewal note to the plaintiff for other notes on which he stood bound as surety, and that the signing of said note was a mistake upon his part, and without any consideration whatever.

To this last amendment there was a demurrer, upon the ground that said answer did not show that the mistake was mutual, but only a mistake upon the part of defendant.

The demurrer was sustained, to which ruling exceptions were taken.

There was a trial by jury.   The jury found that there was usury in the note, and that the amount of money received by the principals in said note was six hundred and fifteen dollars.

Judgment was rendered upon the verdict.   Defendant Frits appeals.

*Perry & Townsend*, for appellant.

*Dashiell & Andrews*, for appellee.

ROTHROCK, J.—I. No exceptions were taken to the charge or instructions of the court to the jury until after verdict.

1. PRACTICE: exception to instruction. Appellant, in his motion for a new trial, alleged the following among other grounds therefor:

"1. Because the court misinstructed the jury, and erred in its charge in giving charges Nos. 1, 2, 3, 4, 5, 6, 7, 8, and each and every charge of the court given to the jury, because the same are not applicable, and are not the law applicable to this case." * * * * *

Section 2789 of the Code provides that "either party may take and file exceptions to the charge or instructions given, or to the refusal to give any instructions offered, within three days after the verdict, and may include the same in a motion for a new trial; but in either case the exception shall specify the part of the instructions objected to, and the ground of the objection."

That a general exception to the instructions of the court was not sufficient, before the enactment of the Code, was held in *Davenport Gas Light Co. v. City of Davenport*, 13 Iowa, 229; *Carpenter v. Parker*, 23 Id., 450; and numerous other cases in this court.

We think the exceptions in this case are not too general, in the sense that they do not point out the particular parts of the instructions to which exceptions are taken. Each instruction, from one to eight inclusive, is specifically mentioned in the exceptions. There could not well be more particularity in this respect. But has the requirement of the statute that the exception shall specify the ground of the objection been complied with? The ground of objection is that "the same are not applicable, and are not the law applicable to this case."

It cannot be intended by this specification, nor is it urged in argument, that, although the instructions excepted to may

Miller v. Gardner.

be abstractly correct, yet they are inapplicable to the case. It is urged that the instructions are essentially erroneous. The statute requires that the ground of objection should be specified; that is, particularly named or pointed out. All exceptions are made on the ground that the instructions excepted to are in some respect erroneous, as applied to the case. It is necessary, when taken after verdict, that the exception should point out in what respect the instructions complained of are erroneous.

We cannot hold that the exception in this case specifies the ground of the objection, and must, therefore, disregard it. This point is made and insisted upon, and we are not at liberty to ignore the plain provisions of the statute.

II. The defendant requested the court to instruct the jury as follows:

"1. That if the defendant, at the time he signed the note sued on, was engaged in the act of signing other notes as renewals for notes due the Monroe County Bank, on which he, Frits, stood liable as surety, and his attention was

2. SURETY: mistake: knowledge of.

not called to the fact that this note now sued on was not one of said renewal notes, and he did not know that it was a renewal note, for a note on which Gardner & Noble only were liable, and that Frits honestly supposed and believed at the time that all the notes he was signing, including the note sued on, were renewals for notes on which he stood liable as surety to said bank, he is not liable in this action and he is entitled to your verdict.

"2. It is not claimed by either party that, if Frits is bound on said note, he would be liable only as surety for A. F. Gardner and E. M. Noble.

"The defendant sets up in his answer a want of consideration to bind him.

"If he signed said note through mistake, as he sets up and claims, and was not requested to do so by either Gardner or Noble, and supposed and believed, when he signed said note, that it was a renewal to said bank of notes on which he

already stood liable as surety, and no explanation to the con-
trary was given him by the officers of the bank who took the
note, and he, Frits, did not know that the note was for a pre-
vious note, on which he was not liable in any way, the jury
will find for defendant."

These instructions were refused by the court. Exceptions
to this refusal were taken at the time. Under section 2787 of
the Code no stated reason for the exceptions need be given,
when taken at the time the instructions complained of are given
or refused.

We are now to consider whether, under the facts of the
case as developed in the evidence, the refusal to give these
instructions was erroneous.

It is conceded that appellant was not the principal debtor.
Until the execution of this note he was in no way liable for
the debt of which the note was evidence. In this sense there
was no consideration for the note. It is true that this note
was a renewal of one previously made by Gardner and Noble.
The extension of time and surrender of the note for which
this was given was a sufficient consideration to hold appel-
lant as surety. But this note was an original undertaking as
to him. The action is between the makers and payée of this
note. No rights of innocent third persons intervened. It is
not claimed by plaintiff that there was a previous agreement
or understanding between plaintiff and appellant that appel-
lant would sign the note in question. On the contrary the
evidence shows without conflict that there was no such agree-
ment, and no conversation between appellant and any of the
parties upon the subject. Frits was liable as surety to the
bank of which plaintiff was cashier on notes for Gardner and
one Cone in the sum of about three thousand five hundred
dollars. These notes were renewed on the same day the
note in question was signed by Frits, and all were signed by
him at the same time.

On the question as to whether the plaintiff or any officer of
the bank knew that Frits signed the note in controversy by

mistake, or did not intend to sign it, there is a conflict in the evidence.

We think the knowledge of plaintiff is an important element,. which is wanting in the instructions asked by defendant. Conceding appellant only intended to renew notes upon which he was already liable, and that he signed the note in question, we think, in order to discharge himself from liability, he must show that the officers of the bank knew that he intended only to renew such as he was already liable upon. Suppose the plaintiff honestly believed that Frits knew he was signing the note, and in good faith took it as a renewal, surrendered the old note and extended the time, thereby putting it out of his power to proceed at once to collect the debt of the principals, it is clear that Frits should be held liable.

On the other hand, if the plaintiff knew or had good reason to believe that Frits was laboring under a mistake in signing the note, and he did not correct the mistake, he could not take advantage of his own wrong and profit by the mistake, however negligent Frits may have been. These principles are elementary, and need no citation of authority for their support. In our opinion the instructions were properly refused.

For the same reason there was no error in sustaining the demurrer to the amended answer.

III.   The note in question contained a stipulation in these words:   "We further agree to pay one hundred dollars attorney's fee, in case suit is brought on this note; said fee to be taxed up as part of the costs of suit."

3 USURY: attorney's fee: promissory note.

Pending the trial the question as to liability for the attorney's fee was, by consent, withdrawn from the jury and submitted to the court. The judgment against defendant was for the principal sum as found by the verdict, and one hundred dollars for attorney's fee, and in favor of the State for the use of the school fund for the interest on said note, as provided by law. There was a judgment against plaintiff for costs.

The note having been found to be usurious the statute provides that the plaintiff shall have judgment for the principal sum, without either interest or costs.   Code, § 2080.

The principle upon which a stipulation for an attorney's fee in a note is held to be a valid obligation is, that a debtor, by refusing or neglecting to pay his creditor, imposes upon him the expense of resorting to the law to enforce his rights. *Williams v. Meeker*, 29 Iowa, 292.   But the statute fixes the amount of recovery upon a usurious contract.   It cannot exceed the principal sum loaned, without costs.  If the plaintiff was put to expense to enforce the contract he must pay such expense, including the attorney's fee, as well as the taxable costs.

The judgment will be affirmed, with the exception of the attorney's fee, and as to that it is

REVERSED.

## ON REHEARING.

ADAMS, J.—It is insisted by Frits that the instructions asked by him should have been given.   His theory is that if he never agreed to sign the note in question, and never intended to, and did so only because it was placed among other notes which he signed as a renewal of notes upon which he was liable, there was no consideration.   In the opinion it is held that the extension of time granted to Noble and Gardner is a consideration.   This position Frits attempts to meet by saying that although the original note was surrendered, it really remained in force, and that the agreement for an extension was not valid.   If we should concede that the agreement to extend was not valid, still the fact would remain that an extension was had, and on the strength of Frits' name.   If Gardner and Noble had taken Frits to the plaintiff in the outset as their surety, and borrowed money upon the strength of his name, it would not be claimed for a moment that Frits could be allowed to escape liability by saying that he signed the note by mistake,

provided the plaintiff had advanced money in ignorance of such mistake. Yet the granting of an extension is in contemplation of law as valid a consideration as the loaning of money, and where an extension is had the consideration passes as effectually as the money would pass in the case supposed, even though the agreement, while executory, could not, perhaps, have been enforced.

We adhere to our former opinion, and the judgment is

AFFIRMED.