CASE 111—SEPARATE ACTIONS BY JOHN HAYS AS ADMR. OF MORRIS GRIFFIN, DECEASED, AGAINST THE EQUITABLE ASSURANCE SOCIETY, AND HOWE & JOHNSON, AND AGAINST SAID SOCIETY AND J. GANO JOHNSON, AND WHICH ACTIONS WERE CONSOLIDATED.—FEB. 15.

# Griffin's Admr. v. Equitable Assurance Society, &c.

APPEAL FROM LAWRENCE CIRCUIT COURT—S. G. KINNER, CIRCUIT JUDGE.

FROM A JUDGMENT DISMISSING THE PETITIONS PLAINTIFF APPEALS.— AFFIRMED.

INSURANCE—INSURABLE INTERESTS—WAGERING CONTRACTS—PAYMENT TO BENEFICIARIES—ACTION BY INSURED'S ADMINISTRATOR.

1. Where insurance policies were procured by false and fraudulent representations of the beneficiaries and the insured that the former were creditors of the latter, the transaction constituted a speculation upon the hazard of human life, which rendered the policies void as against public policy, and precluded the main-tenance of any action upon them against the insurance company by the insured's administrator.

2. Life insurance policies taken without the knowledge or consent of the insured are void, but premiums paid thereon in good faith may be recovered.

3. Under the express provisions of the Kentucky Statutes, 1903, section 679, applications for insurance policies can not be received as evidence when not attached to or made to accompany the policies.

4. Where policies made out to beneficiaries who have no insurable interest in the life of the insured are, under the circumstances, not absolutely void as wagering contracts, and the insurer settles the insurance with the persons named in the policies as beneficiaries without knowledge of their want of insurable interest, and without notice of the claim of the insured's administrator, the insurer can not be compeled to pay the amount of the policies a second time to the administrator, but the nominal beneficiaries to whom the insurance money is paid will be treated in equity as having received the same as assignees or appointees for the persons legally entitled thereto, and any action on the part of the administrator is against such beneficiaries.

W. D. O'NEAL, JR., AND C. H. SULLIVAN, FOR APPELLANT.

HUMPHREY, HINES & HUMPHREY, FOR APPELLEES.

(No briefs—Record misplaced.)

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

The appellee Equitable Life Assurance Society issued two policies of life insurance upon the life of Morris Griffin— one for $9,500, of date May 19, 1893, payable to the firm of Howe & Johnson, the premium on which was $266, payable each year during the continuance of the contract. The other policy was for $7,000, of date June 24, 1893, payable to J. Gano Johnson, in consideration of an annual premium of $196. It is claimed by appellee that in applying for the policies Griffin represented that the beneficiaries were his creditors, and the latter, in the proofs furnished appellee of Griffin's death, swore that they were creditors of his, and that by reason thereof they had, respectively, a valid interest, to the amount issued, in the life of the deceased. It also appears that the beneficiaries Howe & Johnson and John-

son respectively paid all premiums on the policies as long as Griffin lived. His death occurred July 10, 1900, and, proofs thereof having been promptly furnished, appellee, on August 15, 1900, paid to the beneficiaries respectively the amounts of the two policies, less certain deductions resulting by corrections of the decedent's age to correspond with the date of birth shown in the proofs of death. Suits were brought in the Lawrence circuit court on December 4, 1900, by the appellant, John Hays, as administrator of the estate of Morris Griffin, against appellee and Howe & Johnson for the proceeds of the $9,500 policy, and against appellee and J. Gano Johnson for the proceeds of the $7,000 policy. Summonses to Howe & Johnson and J. Gano Johnson were quashed by the lower court upon their motion, and the actions were dismissed as to them. The cases were subsequently consolidated, and, after the taking of proof by deposition, were submitted. By the judgment rendered the petitions were dismissed at the cost of the appellant.

We will not undertake to state the several issues presented by the voluminous pleadings. It is only necessary to say that the pleadings presented the claim upon appellant's part, controverted by appellee, that Griffin applied for the insurance payable to himself, and paid or caused the premiums to be paid, but that appellee fraudulently and secretly issued the policies payable to Howe & Johnson and J. Gano Johnson; that neither Howe nor Johnson was a creditor of Griffin, and neither had an insurable interest in his life, as the contracts of insurance were purely speculative upon the part of Howe & Johnson and J. G. Johnson; and, further, that the designation in one policy of Howe & Johnson and in the other of J. G. Johnson as beneficiaries is invalid, for which reason the proceeds of the policies were entitled to be received by Griffin's administrator. The legal issue as to whether Howe & Johnson were

creditors was tried by a jury, and decided by them in the negative. All other issues were tried by the court.

We think the following facts were established by the evidence: (1) That Howe & Johnson in the one policy and J. Gano Johnson in the other were named as beneficiaries; (2) that all the premium on the policies during the continuance of the insurance contracts were paid by the beneficiaries, respectively; (3) that neither at the time of the issual of the policies nor when they were paid did appellee know that Howe & Johnson or J. Gano Johnson were not creditors of Griffin, if such was the case; (4) that appellee did not know at the time of paying the policies, or at any time previous thereto, that any person or persons other than the beneficiaries had any claim upon or interest in the proceeds of the policies. Upon the facts as thus presented we think the judgment redered by the lower court was proper. We find no reason to hold that appellant is entitled to recover of appellee the proceeds of the policies in question. If, as seems to be admitted by counsel for both appellant and appellee, the persons named as beneficiaries in these policies were not in fact creditors of Griffin, yet they and he fraudulently procured the policies by falsely representing them to be creditors. The transaction as to each policy was clearly a speculation upon the hazard of human life, and consequently a gambling scheme, pure and simple, which rendered the policies void, because against public policy; and, if void, no cause of action against appellee exists in favor of Griffin's administrator for the recovery of their proceeds. Basye v. Adams, 81 Ky., 368, 5 R., 91; Warnock v. Davis, 104 U. S., 779, 26 L. Ed., 924; Keystone Mut. Benefit Association v. Norris, 115 Pa. 446, 8 Atl., 638, 2 Am. St. Rep.,572. Upon the other hand, if the policies were taken upon the life of Griffin without his knowledge or consent,

they were also void, but any one who in good faith paid premiums upon them would be entitled to recover the premiums so paid. Metropolitan Life Ins. Co. v. Monohan, 42 S. W., 924, 19 Ky. Law Rep., 992; Same v. Blesck, 58 S. W., 436, 22 Ky. Law Rep., 530; Same v. Smith, 59 S. W., 24, 22 Ky. Law Rep., 868, 53 L. R. A., 817.

The appellant's first contention that Griffin applied for the insurance payable to himself, and paid or caused to be paid the premiums, but that by fraudulent collusion between appellee, Howe & Johnson, and Johnson, the policies were, without Griffin's knowledge or consent, made payable to them respectively—is wholly unsupported by proof. Equally untenable, we think, is appellant's further contention that, though Griffin consented that the policies be made payable to Howe & Johnson and Johnson, respectively, the fact that they were not creditors of Griffin, as represented, rendered the policies void as to them, but valid as against appellee in favor of Griffin's administrator, to whom they must be paid, notwithstanding the settlement made by appellee with the beneficiaries, without any notice on its part of their want of interest or of any claim on the part of Griffin's administrator. The authorities cited by appellant's counsel in support of the last proposition do, in the main, hold that the designation of a beneficiary "outside the prescribed class" does not render the policy void, but merely renders that designation invalid. It will be found, however, that these were all cases of benevolent aid societies, the charters of which provided that only the families of the members could be the beneficiaries of the insurance. Therefore the opinions hold that, where one was named as beneficiary in a certificate or policy issued on the life of a member of the society to whom it would be *ultra vires* for the society to pay the insurance because not a member of the class author-

ized by the charter to be beneficiaries, the insurance should nevertheless be paid to the persons designated by the charter. Other cases cited by counsel for appellant, such as Conn. Mut. Life Ins. Co. v. Schaefer, 94 U. S., 460, 24 L. Ed., 251; Mayher v. Manhattan Life Ins. Co., 87 Tex., 169, 27 S. W., 124, and Warnock v. Davis, 104 U. S., 781, 26 L. Ed., 924, seem to hold that, where policies are issued to beneficiaries who have no insurable interest, and the circumstances are not such as to make the policies absolutely void as wagering policies, then the beneficiaries are to be treated as assignees or appointees for the purpose of receiving the money for whoever may be lawfully entitled to enjoy it. The doctrine applied in these cases can not obtain here. It is disclosed by the record that the applications made and signed by Griffin for the policies in question can not be considered as evidence, because not attached to or accompanying the policies. Kentucky Statutes, 1903, section 679. There was therefore no evidence to show upon whose application the policies were issued. In this view of the matter it would seem that the policies are to be regarded as mere wagering policies, and, if so, they were void, and appellee could not have been made to pay their proceeds to the beneficiaries named therein, nor can there be any recovery of such proceeds by Griffin's administrator. But if the evidence had shown that the transactions were not purely speculative, or the circumstances were not such as to make the policies absolutely void, as wagering policies, as, according to the evidence, the appellee in good faith settled the insurance with the persons named in the policies as beneficiaries, who would be treated by a court of equity as having received the same as assignees or appointees for those entitled thereto, and this settlement was made without knowledge on its part that they were not creditors of the insured, and without

notice of the claim of the latter's administrator, we know of no principle of law or equity that would compel it at the suit of the administrator to pay the second time the amount of the policies. If the administrator has a cause of action against any one for the proceeds of the policies, it is against the beneficiaries named in them, who received such proceeds, and not appellee. But we are not now called upon to say whether or not such cause of action exists against the beneficiaries.

Wherefore the judgment is affirmed.

Judge O'Rear not sitting.