TEPPER v. NEW YORK LIFE INS. CO. et al.

(Supreme Court, Special Term, New York County.  February 25, 1915.)

1. INSURANCE (§ 585*)—DESIGNATION OF BENEFICIARY—SUFFICIENCY OF DE-
SCRIPTION.

Where insured, who was engaged to marry Fannie T., changed his
policy to designate "Fannie, wife," as beneficiary, there was a sufficient
designation of Fannie T. as beneficiary; she being unquestionably identi-
fied as the person intended to be designated.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1461–1468;
Dec. Dig. § 585.*]

2. FRAUDS, STATUTE OF (§ 118*)—SUFFICIENCY OF WRITING—AGREEMENT IN
CONSIDERATION OF MARRIAGE.

Insured agreed to name plaintiff as beneficiary in an insurance policy in
consideration of her promise to marry him.  They procured a marriage li-
cense, and agreed to execute a formal written engagement contract.  In-
sured immediately changed the policy to designate plaintiff as beneficiary,
and delivered the policy and the marriage license to plaintiff's mother,
who returned them to insured with a request that he retain them for her,
as she had no safe place in which to keep them.  Thereafter, and after
seducing plaintiff, insured, without the knowledge or consent of plaintiff
or her parents, again changed the policy to designate his estate as bene-
ficiary.  An engagement contract was subsequently executed, and the en-
gagement continued until insured's death.  Held, that the written evi-
dence, with the fair inferences drawn therefrom, were sufficient to satisfy
the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 199,
262–265; Dec. Dig. § 118.*]

3. FRAUDS, STATUTE OF (§ 119*)—OPERATION OF STATUTE—EFFECT OF FRAUD.

There was such gross fraud on the part of insured as took the case out
of the statute of frauds, under the rule that the statute may not be used
as an instrument of fraud to deprive a party of the benefits of a contract
made in good faith.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 113,
266, 267, 270; Dec. Dig. § 119.*]

4. INSURANCE (§ 214*)—ASSIGNMENT—DELIVERY OF POLICY TO BENEFICIARY.

The delivery of the policy to plaintiff's mother under the circumstances
constituted a valid assignment of the policy to plaintiff.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 484; Dec. Dig.
§ 214.*]

5. INSURANCE (§ 587*)—RIGHT TO PROCEEDS—CHANGE OF BENEFICIARY WITH-
OUT ASSIGNEE'S CONSENT.

Where the delivery of a policy amounted to an assignment thereof to
the person therein designated as beneficiary, a subsequent change of bene-
ficiary without the assignee's consent was in fraud of her vested rights,
and ineffectual, and an implied trust should be impressed upon the pro-
ceeds of the policy in her favor.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1469; Dec. Dig.
§ 587.*]

Action by Fannie Tepper, an infant, by Harris Tepper, her guard-
ian ad litem, against the New York Life Insurance Company and an-
other.  Judgment for plaintiff.

Philip S. Glickman, of New York City, for plaintiff.

Frank W. Arnold, of New York City (Samuel W. Tannenbaum, of
New York City, of counsel), for defendant Hoes.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GAVEGAN, J. The action is to cancel a designation as beneficiary in a life insurance policy made by defendant Hoes' intestate, and to have the proceeds of said policy paid to plaintiff. Morris Yorres, the decedent, was the holder of a policy of life insurance for $1,000 with the defendant the New York Life Insurance Company, in which policy as originally issued to Yorres the beneficiary designated was his estate. In the latter part of September, 1913, Yorres, a man 35 years of age, became acquainted with the plaintiff, a young woman then 19 years of age. In November, 1913, Yorres approached one Cook, who was engaged to be married to an elder sister of the plaintiff, and requested said Cook to assist in bringing about a "match" between the plaintiff and himself. He asked Cook to tell the plaintiff that, if she would consent to marry him, he would name her as beneficiary in said life insurance policy. When Cook related this conversation to the plaintiff, she, after consulting her father and mother, consented to marry Yorres, provided he made over his insurance to her, which he agreed to do. On December 2, 1913, Yorres and the plaintiff procured a marriage license. No definite date for the marriage ceremony was fixed at the time, but both agreed to have a formal written contract signed and their engagement formally announced on December 28, 1913, which was also to be the occasion of Cook's marriage to the plaintiff's sister. Immediately after securing the license, and on the same day, December 2, 1913, Yorres went with the plaintiff to the office of the New York Life Insurance Company, and caused the beneficiary of his policy to be changed from his estate to "Fannie, wife." On the following day, December 3, 1913, Yorres called on plaintiff, and in the presence of her family and Cook delivered to plaintiff's mother an envelope in which were contained the policy with the change of beneficiary indorsed thereon, together with the marriage license. Plaintiff's mother requested Yorres to retain them for her, as she had no safe place in which to keep them. Yorres agreed to this and took the papers away. On the same day he seduced the plaintiff. On December 5, 1913, without the knowledge or consent of plaintiff or her parents, Yorres caused the beneficiary of his policy to be changed back to his estate. Thereafter, and on December 28, 1913, a celebration of their engagement was held, at which both plaintiff and Yorres signed and acknowledged a formal written engagement contract. It does not appear when the wedding ceremony was to be performed; but their engagement continued until February 20, 1914, when Yorres died of typhoid fever. On applying for the insurance money thereafter, the plaintiff learned for the first time that the beneficiary in the policy had been changed back to Yorres' estate. This action was then begun, and the defendant the New York Life Insurance Company procured an order permitting it to deposit the proceeds of the policy in court. The insurance company, therefore, has no interest in the result of this action.

[1] The contention of the defendant Hoes, as administrator, that the designation of "Fannie, wife," is not a proper description of plaintiff, because she had never married Yorres, is not well founded, since she was unquestionably identified as the person intended to be designated in the policy. Story v. Williamsburg, M. M. B., 95 N. Y. 474.

[2, 3] The designation of plaintiff as beneficiary was clearly in consideration of marriage, and, no formal memorandum of agreement to name her as beneficiary having been made by Yorres, the defendant Hoes pleads the statute of frauds as a complete defense to plaintiff's claim. Were it necessary to the decision in this case to determine whether such defense constituted a bar to plaintiff's recovery, I should still hold that there was ample evidence to establish the contract, since the written evidence, with the fair inferences drawn therefrom, are sufficient, in my opinion, to satisfy the statute. But where such gross fraud is shown on the part of a decedent as in the present case, it would be against all principles of equity and good conscience to sanction the use of the statute of frauds by his representatives as an instrument of fraud to deprive a party of the benefits of a contract made in good faith. "It doubtless is true that a verbal antenuptial agreement might, under special circumstances, be enforced in equity in order to prevent the party invoking the statute from perpetrating a fraud upon the other party, and this upon the ground that the statute is never to be ·so expounded as to make it a mere instrument in consummating a fraud upon the party against whom it is invoked." Smith on Fraud, § 314; Livingston v. Livingston, 2 Johns. Ch. 537; Dygert v. Remer-.schnider, 32 N. Y. 629.

The case at bar is similar to those wherein an applicant for a loan contracts with another person to take out a policy of life insurance and names such person as. beneficiary therein, or where one advanced in years or in ill health contracts with another to provide for him until his death, in consideration of 'which he agrees to name the other as beneficiary in his life insurance policy. The courts have invariably held in such cases that the designation of the person as beneficiary was founded upon a valuable consideration, and that no change of ·such designation is effective without the consent of the person named therein. Strong v. Knights of Pythias, 189 N. Y. 346, 82 N. E. 433, 12 L. R. A. (N. S.) 1206, 121 Am. St. Rep. 902, 12 Ann. Cas. 941; ·Smith v. Nat. Benefits Ass'n, 123 N. Y. 85, 25 N. E. 197, 9 L. R. A. 616; Conselyea v. Supreme Council, 3 App. Div. 464, 38 N. Y. Supp. 248, affirmed 157 N. Y. 719, 53 N. E. 1124; Webster v. Welch, 57 App. Div. 558, 68 N. Y. Supp. 55.

In Strong v. Knights of Pythias, supra, the court, at page 352 of 189 N. Y., at page 435 of 82 N. E., 12 L. R. A. (N. S.) 1206, 121 Am. St. Rep. 902, 12 Ann. Cas. 941, said:

"Irvine agreed that he would procure the certificate to be issued designating appellant as beneficiary, if she and her husband would establish a new home, take him with them, and care for and nurse him in his sickness. The .appellant performed her part of the contract, and Irvine performed his, so far as the procuring of the certificate to be issued was concerned, and the law now prohibits him from, destroying the rights which appellant has ac-·quired in the certificate for a valuable, consideration."

The contract between the plaintiff and Yorres was fully performed ·so far as it was possible. Mutual promises to marry were given, the plaintiff was designated as the beneficiary in the policy, and the marriage itself was only prevented by Yorres' death, plaintiff being at .all times ready and willing to marry him. The acts of Yorres were

deceptive and unconscionable. In accomplishing plaintiff's seduction, he took a base advantage of the relationship established by the contract. By secretly causing plaintiff's designation as beneficiary in the policy to be changed three weeks before the engagement contract was signed, he not only violated the confidence reposed in him by plaintiff's mother when she allowed him, after he had actually delivered the policy, to retain it in his custody for safe-keeping, but he also committed a breach of trust and perpetrated a fraud. It appears that even before the engagement was solemnized he attempted to deprive the plaintiff of the very consideration which induced her to promise to marry him. These acts of Yorres were such as to preclude this court from extending to his legal representatives any aid. They require rather the application of the maxim that equity considers done what ought to be done in order to carry out so far as possible the obligations of the contract. Tidd v. McIntyre, 116 App. Div. 602, 101 N. Y. Supp. 867.

[4, 5] If any doubt remained as to plaintiff's right to the relief sought, it would be wholly removed, as it seems to me, by Yorres' delivery of the policy to plaintiff's mother after designating plaintiff as the beneficiary therein. I am of the opinion that this delivery, taken in conjunction with the other evidence in the case, constituted a valid assignment of the policy (McGlynn v. Curry, 82 App. Div. 431, 81 N. Y. Supp. 855; McNevins v. Prudential Ins. Co., 57 Misc. Rep. 608, 108 N. Y. Supp. 745), that the attempt to thereafter change the beneficiary without the plaintiff's consent was in fraud of her vested rights and ineffectual, and that an implied trust should be impressed upon the proceeds of the policy in favor of the plaintiff (Goldsmith v. Goldsmith, 145 N. Y. 513, 39 N. E. 1067).

Judgment for plaintiff, but without costs, since the New York Life Insurance Company is only formally a defendant, and defendant Hoes is the public administrator. Submit proposed findings.