JENSINE JACOBSON, Appellee, v. NEW YORK LIFE INSURANCE COMPANY, Appellee, et al., Appellant.

**INSURANCE:** Life Insurance—Right to Proceeds—Agreement Not to Change Beneficiary. The payment by the beneficiary in a life insurance policy of all premiums maturing under the policy, in consideration of a promise by the insured not to exercise his right to change the beneficiary, creates an equitable right in such beneficiary which will be superior to the rights of a newly designated beneficiary who is a mere volunteer.

**Headnote 1:** 37 C. J. p. 580.

*Appeal from Pottawattamie District Court.*—GEORGE W. CULLISON, Judge.

MARCH 17, 1925.

ACTION to recover on life insurance policy. Decree for the plaintiff, from which defendant Viola M. Jacobson appeals.— *Affirmed.*

*John J. Hess,* for appellant.

*Reed A. Flickinger,* for appellee.

ALBERT, J.—On the 2d day of May, 1917, defendant insurance company issued a policy of insurance on the life of John B. Jacobson, in which the plaintiff herein was named as beneficiary. On the 11th day of April, 1922, John B. Jacobson attempted to change the beneficiary named in said policy to Viola M. Jacobson, his then wife, in pursuance of the provisions of the terms of said policy. John B. Jacobson died on the 19th day of April, 1922. Plaintiff herein brought suit on the original policy, which named her as beneficiary, making the insurance company and Viola M. Jacobson defendants. The insurance company paid into the hands of the clerk of the district court of Pottawattamie County the sum of $968.70, representing the amount due on said policy after certain deductions, which the company was entitled to make. The litigation from thenceforward was a contest between the plaintiff herein, who was the mother of John B. Jacobson, and Viola M. Jacobson, his wife, as to who was entitled to the money so paid into the hands of the clerk of the said district court.

The evidence in the case is brief, and in substance is as follows: When this policy was taken out by John B. Jacobson, at the solicitation of his sister, Ida Steach, he gave a note to the company for the first premium. He took the policy home, and delivered it to his mother, and said to her, in substance:

"This is for your protection. You keep up the premiums on it, and I will never change it."

And the mother told him, in response thereto, that she would keep it up. The mother paid the note given for the original premium, and paid all subsequent premiums. This policy was kept in a small box in a drawer in the buffet in her home. Just before the change of beneficiaries under the policy, the brother and his prospective wife called at the mother's home, and the family all went riding, leaving the brother and his prospective bride alone in the house. This was on the 9th of April. On the death of the brother, the mother went to look up her insurance policy, and it was gone. On the 11th of April, John B. Jacobson, accompanied by his prospective wife, went to the office of the insurance company in Omaha, turned in the policy, and made out the proper papers to have the beneficiary named

therein changed; and the defendant Viola M. Jacobson was made beneficiary.

Under this statement of facts, the district court held that the plaintiff was entitled to the relief prayed, and awarded her the proceeds of said insurance policy.

It is settled law in Iowa that, where the right is reserved to change beneficiaries, the beneficiary first named acquired no vested interest in the policy, and the person insured has the right, at any time he may see fit, to change beneficiaries, on compliance with the rules and regulations of the company. This rule is held by this court in *Hicks v. Northwestern Mut. L. Ins. Co.,* 166 Iowa 532; *Townsend v. Fidelity & Casualty Co.,* 163 Iowa 713; *Carpenter v. Knapp,* 101 Iowa 712; *Wandell v. Mystic Toilers,* 130 Iowa 639; *Condon v. New York Life Ins. Co.,* 183 Iowa 658; *Schmidt v. Iowa K. of P. Ins. Assn.,* 82 Iowa 304; *Hirschl v. Clark,* 81 Iowa 200. If this is the rule governing the facts we have before us, plaintiff would have no cause of action. We are disposed, however, to think that, under the facts of this case, the rule announced in the above entitled cases is not controlling.

It is apparent, from the evidence in this case, that the transaction between the mother and the son, at the time this policy was delivered to her, amounted to a contract: that is to say, the son, recognizing the right under the policy to change the beneficiary at any time he saw fit, contracted with the mother that, in consideration of her paying the premiums on his policy, he would not exercise that right and change beneficiaries. The evidence shows that the mother paid all the premiums that were paid on this policy, in pursuance of this contract or understanding on her part. This was the moving consideration on her part to support the contract, and, in an equity court at least, creates the right on her part which will be enforced as against all persons not having a superior equity.

In the case of *Columbian Circle v. Mudra,* 298 Ill. 599 (132 N. E. 213), under a case almost identical with this, it is held that equitable rights may be acquired in a beneficiary certificate of insurance which the court will recognize and enforce against an attempt to change the designated beneficiary, and the case holds:

"The rule in this state is that, while the assured may, in the absence of intervening equities, change at will the beneficiary named in his insurance policy, equitable rights may be acquired in a beneficiary certificate of insurance which a court of equity will recognize and enforce."

This doctrine is also enforced in *Supreme Lodge K. & L. of H. v. Ulanowsky*, 246 Pa. 591 (92 Atl. 711); *Freitas v. Freitas*, 31 Cal. App. 16, 19 (159 Pac. 611, 613); *Supreme Lodge of K. of P. v. Ferrell*, 83 Kan. 491 (112 Pac. 155); *Stronge v. Supreme Lodge, K. of P.*, 189 N. Y. 346; *Leaf v. Leaf*, 92 Ky. 166 (17 S. W. 354, 854); *Supreme Council Catholic Benev. Legion v. Murphy;* 65 N. J. Eq. 60 (55 Atl. 497); *Brett v. Warnick*, 44 Ore. 511 (75 Pac. 1061); *McKeon v. Ehringer*, 48 Ind. App. 226 (95 N. E. 604); *Benard v. Grand Lodge A. O. U. W.*, 13 S. D. 132 (82 N. W. 404); *Royal Arcanum v. Riley*, 143 Ga. 75 (84 S. E. 428); *In re Reid's Estate*, 170 Mich. 476 (136 N. W. 476). The courts of Tennessee and Missouri seem to hold to the contrary.

Under this line of authority, we conclude that the transaction between the mother and son heretofore related, which was carried out by the mother, created in her a superior equitable right which she is entitled to enforce herein as against the wife, who, so far as the change of beneficiary was concerned, was a mere volunteer. The ruling of the district court in relation thereto is, therefore, affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.