C. LOCKWOOD BEED, Appellant, v. LAURA B. BEED et al., Appellees.

DECEMBER 14, 1928.

REHEARING DENIED MARCH 8, 1929.

*Mallory & Leming,* for appellant.

*John M. Hemingway, C. F. Johnston,* and *E. A. Baldwin,* for Laura B. Beed, appellee.

*Henry & Henry,* for Prudential Insurance Company of America, appellee.

FAVILLE, J.—Lewis H. Beed was the maker of a certain promissory note executed and delivered to the Franklin County State Bank for the principal sum of $5,000. The appellant is a brother of said Lewis's. He was a surety upon the said note. The appellee Laura B. Beed is the widow of said Lewis. When said note became due, the maker, Lewis, was unable to pay the same. He wished to secure an extension of time by the execution of a new note and the payment of the interest then due upon the existing note. He requested the appellant to become surety on the new note. The appellant objected to so doing, and finally, after some negotiations, it was agreed between said parties that the appellant would sign a new note, as surety for Lewis to said bank, for the said sum of $5,000, the time of payment on said note to be extended, on condition that Lewis should take out a policy of insurance to the amount of $5,000, payable to the appellant, which should be held as security to the appellant for signing said note as surety. This arrangement was carried out. A new note for $5,000 was executed and delivered to the bank, signed by Lewis as maker, and by the appellant as surety, and practically contemporaneously therewith, the said Lewis procured a policy of life insurance in the sum of $5,000 in the Prudential Insurance Company of America, which policy was made payable to the appellant, as beneficiary, who was described in said policy as the "brother of the insured." This policy was lodged with the cashier of said bank, as security to the appellant for his liability as surety on said note. The policy was issued on or about January 5, 1925. It contained a clause as follows: "The right to change the beneficiary has been reserved by the insured." The policy provided for the payment of an annual premium, and it appears that the premium was paid by the insured in January, 1926, after a time when the policy had lapsed, but by such payment it was duly reinstated. In January, 1927, another annual premium of $75 became due on said policy. The evidence tends to show that at said time the insured, Lewis, was insolvent, and could not pay said premium. In any event, at or

about the time the premium became due, the appellee Laura B. Beed paid said premium, and Lewis and the appellee obtained from the insurance company a proper change in said policy substituting the appellee as beneficiary in said policy, in place of the appellant. It does not appear that any notice of default in the payment of the premium on said policy was ever given to the appellant. The appellant did not know, until after the death of Lewis, that the policy had been changed, substituting the appellee as beneficiary therein. After said change had been made, Lewis died, insolvent. The note has not been paid, and it is impossible to collect anything thereon from the estate of Lewis. The insurance company recognizes its liability on the policy for the amount due thereon, and this action is brought for the purpose of determining whether the appellant or the appellee is entitled to the proceeds of said insurance policy. The evidence tends to show that the appellee knew of the existence of the old note of $5,000, and of its renewal, and that the appellant was surety on said note, and also that the policy of insurance had been obtained as security for the protection of the appellant against his liability as surety on said note, and that it was originally payable to him as beneficiary. There is also evidence in the record, which is challenged by objection, tending to show that Lewis orally agreed with the appellant that he would not change the beneficiary in said policy.

I. It is contended that, under the record, there was no consideration for the naming of the appellant as a beneficiary under the policy as originally issued. The theory of the appellee is that, at the time of the execution of the renewal note, the maker, Lewis, was insolvent; that the original note was uncollectible from Lewis, and that the renewal note was, therefore, of no benefit to him; and that there was no consideration for the execution of the new note. It is a well established rule in this state that a renewal note given for the same amount as the original note is supported by legal consideration. *Klemm v. Weil,* 194 Iowa 1073; *German Sav. Bank v. Geneser,* 116 Iowa 119. Likewise, it is a familiar rule that the extension of the time of payment of an obligation is consideration for the execution of a renewal note for the amount. *Conkling v. Young,* 141 Iowa 676; *First State Bank v. Williams,* 143 Iowa 177.

It is also urged that the fact that the debtor, Lewis, was insolvent at the time of the renewal of the note renders it without consideration. Such is not the rule. As bearing on the question, see *Knapp v. Hoyt,* 57 Iowa 591; *Shively v. Globe Mfg. Co.,* 205 Iowa 1233. In this connection, it is also proper to observe that, since there was consideration passing to the maker of the renewal note, this was sufficient to support the consideration passing to the surety. It is not necessary that an actual consideration pass to the surety. *Miller v. Gardner,* 49 Iowa 234; *Sherman v. Smith,* 185 Iowa 654; *Bell v. Cooper,* 190 Iowa 529.; *Charlson v. Farmers State Bank,* 201 Iowa 120.

II. It is contended that the policy of insurance, by its terms, provides that the insured reserved the right to change the beneficiary; that this provision in the policy was known to  the appellant at the time the policy was obtained; and that, by reason of said facts, the appellant cannot complain of the change in the policy by the insured. The policy of insurance was obtained for the purpose of security to the appellant, because of his becoming surety on the note of the said Lewis, and by said means loaning his credit to him. He had an insurable interest in the life of Lewis by virtue of such situation. *Morrow v. National Life Assn.,* 184 Mo. App. 308 (168 S. W. 881) ; *Embry's Admrs. v. Harris,* 107 Ky. 61 (52 S. W. 958).

In the recent case of *Jacobson v. New York Life Ins. Co.,* 199 Iowa 770, we considered a situation somewhat similar to that involved in the instant case. In said case we recognized the settled rule of this state that, where a right to change beneficiaries is reserved in the policy, the beneficiary first named acquires no vested interest in the policy, and that the person insured has the right, at any time he may see fit, to change the beneficiary. Undoubtedly, such is the general rule. Ordinarily, the selection of the beneficiary is a matter of voluntary action on the part of the insured, and no vested interest in the policy is acquired by the beneficiary, and a change may be made therein at the option of the insured, with the consent of the company, and ordinarily, the consent of the beneficiary is not necessary.

But there is an exception to this general rule, where, as in the instant case, the policy is taken out for and in behalf of a beneficiary for a specific purpose, either under an agreement be-

tween the parties that the beneficiary shall not be changed, or under such circumstances as to render it inequitable to permit such change to be made. Where a policy of insurance is taken out for the benefit of a creditor of an insured, and where there is an agreement between the parties that there shall be no change in the beneficiary, a court of equity will enforce the rights of the original beneficiary, as against those of a new beneficiary. This is especially true where there is evidence of an agreement between the insured and the original beneficiary that such change shall not be effected, at least until the creditor's claim against the insured shall have been satisfied in full. This rule is recognized in the *Jacobson* case and in many authorities cited therein. In addition to said authorities, see *McGrew v. McGrew*, 190 Ill. 604 (60 N. E. 861); *Carter v. Carter*, 35 Ind. App. 73 (72 N. E. 187); *City Nat. Bank v. Lewis*, 73 Okla. 329 (176 Pac. 237.); *Tepper v. New York Life Ins. Co.*, 89 Misc. Rep. 224 (151 N. Y. Supp. 1049); *Ryan v. Boston Letter Carriers' Mut. Ben. Assn.*, 222 Mass. 237. See, also, note to *Stronge v. Supreme Lodge K. of P.*, 12 L. R. A. (N. S.) 1206, 1207; also, note to *Savage v. Modern Woodmen of Am.*, 33 L. R. A. (N. S.) 773; and note to *Sipe v. Sipe*, L. R. A. 1918E 1029, 1033.

III. In the instant case, there is evidence tending to show an oral agreement between the insured and the beneficiary, to the effect that the insured would not change the beneficiary in said policy. The competency of the appellant as a witness is challenged, because his evidence discloses a conversation between him and the insured, who is now deceased. Section 11257, Code of 1927, has no application to such a situation, and does not render the appellant incompetent to testify to the transaction between himself and the deceased. The appellee does not come within any of the classes designated in the statute. The appellant was a competent witness, and the evidence is sufficient to sustain a finding that there was an oral agreement between the insured and the appellant that there would be no change in the beneficiary.

IV. It is urged as a defense to the appellant's claim that the premiums on the policy were due on the 5th day of January of each year, and that, on January 5, 1927, the insured was insolvent, and could not pay the premium. It appears that the appellee paid the amount of said premium, and prevented a lapse

of the policy, and was substituted as beneficiary. It is contended that the appellee, having kept the policy alive, under such circumstances, by paying the premium, became entitled to be substituted as the beneficiary thereunder, and that the appellant lost nothing, because the policy would have lapsed, if said premium had not been paid by the appellee. At this point, however, the appellee is faced by another equitable consideration: that is, the fact that the evidence shows that the appellee knew of the existence of the note in question; that the appellant was a surety thereon; that the insured had obtained said policy of insurance payable to the appellant as beneficiary, for the purpose of securing the appellant on his liability as such surety on said note; and that said note had not been paid. The direct and circumstantial evidence in the case is sufficient to sustain such conclusion. We therefore have a situation where the appellee voluntarily paid the premium on the policy of insurance, charged with notice of the equitable rights of the appellant in said policy. She could not, by paying said premium, have herself substituted as beneficiary in said policy against the equitable rights of the appellant therein, under such circumstances, charging her with knowledge of said rights.

Upon the entire record, we are constrained to differ from the conclusion of the trial court. The decree must be reversed, and a decree must be entered in behalf of the appellant, as prayed in his petition. It is so ordered.—*Reversed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.

EVANS, J., not participating.