H. E. BENNETT, Receiver of BARR MOTOR Co., Appellant, v. UNION CENTRAL LIFE INSURANCE COMPANY, et al., Appellees.

No. 42988.

OCTOBER 23, 1935.

REHEARING DENIED FEBRUARY 15, 1936.

Maher & Meloy, for appellant.

Gleysteen, Purdy & Harper, for appellee Union Central Life Ins. Co.

Jepson, Struble & Sifford and Kindig, Faville & Mathews, for appellee Robert Barr, Sr.

DONEGAN, J.—A general statement of facts may be helpful to an understanding of the questions presented by this appeal. Robert Barr, Jr., was the son of Robert Barr, Sr., and was the principal stockholder and the executive officer of Barr Motor Company, a corporation, with its principal place of business at Cherokee, Iowa. In December, 1925, Union Central Life Insurance Company issued a policy of insurance on the life of Robert Barr, Jr., in which Barr Motor Company was named as beneficiary, but in which the right to change the beneficiary at any time by written notice to the company was reserved by the insured, Robert Barr, Jr.

On February 17, 1930, the insured, Robert Barr, Jr., gave written notice to the insurance company on a form furnished by it, in which he directed that the beneficiary be changed to Robert Barr, Sr., his father.

Robert Barr, Jr., died on December 19, 1932, and on December 21, 1932, H. E. Bennett was appointed receiver of the Barr Motor Company, by the district court of Cherokee county, Iowa. Following the death of Robert Barr, Jr., the proceeds of said policy of insurance were paid by the insurance company to Robert Barr, Sr. At that time no claim had been made by the receiver of the Barr Motor Company to the proceeds of the policy of insurance, because it was not until some time after such payment had been made that the receiver learned that such policy had been issued and of the interest which he claims the Barr Motor Company had therein. On the 22d day of January, 1934, the receiver of the Barr Motor Company commenced the present action in equity against the Union Central Life Insurance Company, the insurer in said policy of insurance, and Robert Barr, Sr., the changed beneficiary to

whom the proceeds of the policy had been paid. To a substituted petition in equity and amendment thereto, filed by the plaintiff receiver, the defendant Union Central Life Insurance Company filed its separate motion to dismiss plaintiff's alleged cause of action against it. This motion was sustained by the trial court, and from such ruling the plaintiff receiver appeals.

The substituted petition and amendment alleged, in substance, the appointment of plaintiff as receiver for the Barr Motor Company, a corporation; the issuance of the policy of insurance on the life of Robert Barr, Jr., in which the Barr Motor Company was named as beneficiary; that the insured, Robert Barr, Jr., owned more than 90 per cent of the capital stock of the Barr Motor Company and was the executive officer of said company; that said policy of insurance was deposited by Robert Barr, Jr., in the safe of Barr Motor Company and remained there until his death; that both prior to and subsequent to February 17, 1930, the date when notice of change of beneficiary was given, Robert Barr, Jr., told creditors of Barr Motor Company that said company held a policy of insurance for $10,000 on his life; that said statements were made for the purpose of obtaining extensions of time or credit, were relied on by said creditors, and extensions of time and credit given on account thereof; that Barr Motor Company paid all premiums upon the said policy as they became due, from the funds of the corporation; that said premiums were paid by checks of the Barr Motor Company, which checks were indorsed and collected by the defendant insurance company; that the insured, Robert Barr, Jr., when an annual premium on said policy was about to become due, advised the insurance company that the Barr Motor Company was having financial difficulties and that such financial difficulties of the Barr Motor Company were made known to the insurance company which made a loan upon the policy for the purpose of taking care of the premium or premiums about to become due; that, because said policy was made payable to Barr Motor Company as beneficiary, the premiums thereon were paid by said Barr Motor Company out of its funds, extensions of time and credit were made to Barr Motor Company by creditors in reliance on the fact that it was named as beneficiary, the negotiations for the policy and representations to creditors were made by the executive officer and principal stockholder, and the possession

of the policy was retained by the corporation, the said Barr Motor Company held and owned a vested interest in said insurance policy, including the provision for a change of beneficiary; and that, because of the facts that the Barr Motor Company was the original beneficiary under said policy, that the premiums on said insurance policy were paid with checks of the said Barr Motor Company drawn on funds of said company, that said checks were indorsed and collected by the insurance company, that the insurance company was advised of the Barr Motor Company's financial difficulties, and made a loan upon the policy for the purpose of taking care of a subsequent premium or premiums, the said insurance company knew, or should have known, of the right, title, and interest of Barr Motor Company in said policy and its proceeds. A copy of the policy of insurance and of the notice of change of beneficiary were attached to the substituted petition and made a part thereof.

The motion of the defendant Union Central Life Insurance Company to dismiss the plaintiff's alleged cause of action against it was based on the statement that it appeared upon the face of said substituted petition that the plaintiff is not entitled to the relief demanded, or any relief whatever, because it appeared on the face of said pleading that the contract of insurance reserved to the insured the right to change the beneficiary, that the beneficiary was changed, that all the proceeds of said insurance had been paid by the defendant insurance company to the beneficiary named in the policy, and that at the time when such payment was made no claim had been made by plaintiff that the Barr Motor Company claimed to have any vested interest in said insurance policy, or the proceeds thereof.

Appellant sets out eight separate errors relied upon for a reversal of the ruling and judgment of the trial court. We think the errors thus claimed may be reduced and considered under two general propositions: First, did the substituted petition contain statements of fact sufficient to show an interest or ownership in the policy of insurance by the Barr Motor Company which would entitle said company to the proceeds of said policy of insurance? And, second, did the substituted petition contain statements of fact sufficient to show that the defendant insurance company had, or should have had, knowledge of the interest and ownership of the Barr Motor Company in said

policy? There is no dispute as to the fact that the policy, as issued, contained the provision reserving to the insured, that is, to Robert Barr, Jr., the right to change the beneficiary at his election, and appellant concedes that the general rule is that, where such right is reserved to the insured, the beneficiary first named acquires no vested interest in the policy. Appellant contends, however, that to this rule there is a well-recognized exception that, where the original beneficiary is a corporation, the policy is issued for the benefit of such corporation, and the premiums on the policy are paid by such corporation, such corporation becomes vested with an interest in the proceeds of which the insured cannot deprive it by changing the beneficiary. It is undoubtedly true that there is an exception to the general rule, and that, although a policy may on its face contain a provision reserving to the insured the right to change the beneficiary, a named beneficiary may have such a vested interest in the policy and its proceeds as will deprive the insured of the right to make the change. Jacobson v. New York Life Ins. Co., 199 Iowa 770, 202 N. W. 578; Beed v. Beed, 207 Iowa 954, 222 N. W. 442; Sovereign Camp, W. O. W. v. Russell, 214 Iowa 39, 241 N. W. 395.

As appellant states this exception, however, he seems to claim that the mere fact that the beneficiary is a corporation, that the policy is issued for the benefit of the corporation, and that the premiums are paid out of the funds of the corporation, will make the exception applicable. While it is true that in some of the cases cited by appellant, the beneficiary named in the policy was a corporation, our attention has not been called to any case that makes a distinction between the application of the general rule or the exception to a corporate beneficiary or a personal beneficiary, or that makes the exception applicable to a corporate beneficiary where it would not be equally applicable if the beneficiary had been a private person. As we read the cases in which it has been held that a named beneficiary acquired such a vested interest in the policy as would deprive the insured of the right to change the beneficiary, practically all of them arose out of a state of facts where there was an express agreement by which the insured agreed that the provision of the policy giving him the right to change the beneficiary would not be exercised.

In Beed v. Beed, 207 Iowa 954, 222 N. W. 442, we stated

it to be the general rule in this state, that "where a right to change beneficiaries is reserved in the policy, the beneficiary first named acquires no vested interest in the policy, and that the person insured has the right at any time he may see fit to change the beneficiary." We recognized the exception, however, and stated it in this language:

"But there is an exception to this general rule where, as in the instant case, the policy is taken out for and in behalf of a beneficiary for a specific purpose, either under an agreement between the parties that the beneficiary shall not be changed, or under such circumstances as to render it inequitable to permit such change to be made."

While this statement of the exception seems to recognize that it may exist, either under an agreement between the parties that the beneficiary shall not be changed, or under such circumstances as render it inequitable to permit such change to be made, it seems to confine the exception to cases where the insurance is taken out for and in behalf of the beneficiary for a specific purpose. As we construe the appellant's substituted petition, it contains no statement as to any agreement between the Barr Motor Company and Robert Barr, Jr., and it fails to state for what specific purpose the insurance was taken out for and in behalf of the Barr Motor Company, under circumstances that would render it inequitable to allow a change of beneficiary to be made. If we read this substituted petition and amendment correctly, there is no allegation that, at the time that the insurance was originally taken out, there were any creditors of the motor company; there is no allegation of facts as to why or for what specific purpose or for whose particular benefit the policy was originally issued; and there is no allegation that any of the creditors whom the receiver now represents were ever within the contemplation of either the insurance company or the insured at the time that this insurance policy was taken out. It is true, the substituted petition does allege that Robert Barr, Jr., made statements to creditors that the Barr Motor Company was solvent and, in any event, that it held a policy of insurance in the sum of $10,000 on the life of Robert Barr, Jr., and that these statements were made for the purpose of securing extensions of time and extensions of credit, and were relied upon by the creditors. As to such creditors, there may,

as claimed by appellant, be good grounds to estop Robert Barr, Jr., from changing the beneficiary—a question which we do not now determine. But we think it somewhat questionable whether these statements are sufficient to show that at the time the insurance policy was taken out it was taken out for and in behalf of the motor company, for the specific purpose of supplying a fund with which to pay all creditors, including those now represented by appellant receiver. It seems to us quite conceivable that at the time it was taken out this policy may have been made payable to the motor company as security for debts owing to it or for other purposes than the protection of creditors who may not have become creditors until long after the contract of insurance was made.

But, even if the allegations of the substituted petition may be held to be sufficient to show that the policy was issued under such circumstances as to render it inequitable to permit the insured to change the beneficiary, we are unable to see how knowledge of the circumstances which gave the Barr Motor Company a vested interest in the policy can be said to have been brought home to the appellee insurance company. Apparently the only allegations of the substituted petition in which it is claimed such knowledge was brought to the insurance company are those in which it is stated that the Barr Motor Company was named as the original beneficiary in the policy; that the premiums were paid by the motor company with checks drawn by it in its name upon its funds and were indorsed and collected by the insurance company; and that, at some time after the policy had been issued, Robert Barr, Jr., told an agent of the insurance company at Cherokee of financial difficulties in which the motor company was involved, and through such agent and the office of the insurance company in Sioux City, Iowa, secured a loan on the policy to take care of the premium or premiums about to become due. We are unable to see how the naming of the motor company as beneficiary, or the payment of the premiums by the motor company, can be said to apprise the insurance company of any agreement between Robert Barr, Jr., and the motor company, either express or implied, that there would be no change in the beneficiary; or how it brought to the attention of the insurance company any circumstances under which it could be held to have knowledge that the motor company had an equitable interest in the

policy and the proceeds thereof. Likewise, we are unable to see how the fact that the Barr Motor Company, when some later premium became due, was in such financial circumstances that it could not pay such premium, and a loan was obtained on the policy to cover such premium or premiums, can be said to have brought to the insurance company any knowledge as to any agreement or equitable circumstances which would give the motor company a vested interest in the policy and prevent the insured from changing the beneficiary.

Appellant places great stress upon the holding in Wellhouse v. United Paper Co. (C. C. A.) 29 F. (2d) 886, and also cites, as sustaining his contention, Smithsonian Institution v. Meech, 169 U. S. 398, 18 S. Ct. 396, 42 L. Ed. 793; In re American Range & Foundry Co. (D. C.) 14 F. (2d) 308; Vorlander v. Keyes (C. C. A.) 1 F. (2d) 67; Continental Life Ins. Co. v. Sailor (D. C.) 47 F. (2d) 911; Jacobson v. New York Life Ins. Co., 199 Iowa 770, 202 N. W. 578; Beed v. Beed, 207 Iowa 954, 222 N. W. 442; Soverign Camp, W. O. W. v. Russell, 214 Iowa 39, 241 N. W. 395. In nearly all of these cases there was an agreement, supported by consideration, under which the party named as beneficiary acquired a vested interest in the policy and its proceeds, and in all of them the question was as to the rights of conflicting claimants to the proceeds of the policy, as against each other. In no case that has been called to our attention have the facts been similar to the facts in the case now before us. In the instant case, on the face of the policy as issued, the insured had the right to change the beneficiary by giving written notice to the company. It would seem to follow, as a necessary conclusion, that, when the change of beneficiary had been made as provided in the policy, the insurance company would have the right to pay the proceeds of the policy to the beneficiary named in the notice directing the change. Whatever rights or equities may have arisen between the last-named beneficiary and the one originally named in the policy, it seems fundamental to say that the insurance company would not be obliged to pay the proceeds of the policy other than as provided therein, without notice of such rights or equities. Supreme Council of Royal Arcanum v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966; Royal Union Life Ins. Co. v. Lloyd (C. C. A.) 254 F. 407; Renick v. Mutual Life Ins. Co. (Ky.) 106 S. W. 310; Griffin's Adm'r v. Equitable Life Assur-

ance Society, 119 Ky. 856, 84 S. W. 1164; Cornwell v. Surety Fund Life Co., 47 S. D. 421, 199 N. W. 126.

We find no error in the ruling of the trial court, and the judgment appealed from is, therefore, affirmed.

KINTZINGER, C. J., and ALBERT, PARSONS, and RICHARDS, JJ., concur.