# The Supreme Lodge, Knights and Ladies of Honor v. Ulanowsky.

*Contracts—Ante-nuptial agreement—Benefit certificate—Change of beneficiary—Trusts and trustees—Breach of contract—Bill in equity.*

A member of a fraternal and beneficial society held a benefit certificate payable to his daughter. Under the rules of the organization the beneficiary could be changed at any time on application of the member holding the certificate. Prior to his second marriage, the insured entered into an agreement to give his wife the certificate and make a will in her favor, which he did shortly

afterwards. After the marriage the wife paid a large part of the dues to the society from her own earnings during the illness of her husband. Subsequently the husband made his daughter the beneficiary under the policy. On the death of the husband the wife and daughter each claimed to be the beneficiary and the society filed a bill in equity praying that both be required to interplead and that plaintiff be allowed to pay the fund into court. *Held,* that the wife acquired an equitable right in the certificate by reason of the ante-nuptial agreement, that the effect of the subsequent change in the beneficiary was to make the daughter a trustee of the proceeds for the wife; and the court did not err in entering a decree ordering the proceeds, less certain deductions, to be paid to the wife.

Argued Oct. 16, 1914. Appeal, No. 167, Oct. T., 1914, by Rosa Adelman, from judgment of C. P. Allegheny Co., July T., 1913, No. 967, ordering proceeds of insurance certificate to be paid to Minnie Ulanowsky, in case of The Supreme Lodge, Knights and Ladies of Honor v. Minnie Ulanowsky and Rosa Adelman. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to require claimants to a fund held by plaintiff to interplead.

SHAFER, J., filed the following findings of fact, conclusions of law and opinion:

The bill in this case is by a beneficial organization against the beneficiary named in the certificate and another claimant of the fund. The cause was so proceeded in that a decree was entered that the bill was properly filed, that the amount of the beneficial certificate, $2,-000.00, should be paid into court, and that the two defendants should interplead. It was thereupon agreed by them that the feigned issue between them should be heard by the court without the intervention of a jury; and thereupon testimony of the parties was taken as upon a feigned issue wherein Minnie Ulanowsky was treated as plaintiff and Rosa Adelman as defendant, from which testimony is derived the following:

FINDINGS OF FACT.

First. Israel Ulanowsky lived with his wife and daughter, Rosa Adelman, in New York, and some years before the taking out of the policy herein, came to Pittsburgh, leaving his wife and daughter behind.

Second. In the year 1902 he became a member of Garfield Lodge of the Knights and Ladies of Honor, applying at that time for a benefit certificate of $1,000 payable to his daughter, Rosa Ulanowsky, and afterwards in May, 1903, increased his benefit certificate to $2,000. His wife was dead by this time, as we understand it. The rules of the order and the terms of the benefit certificate provided that the beneficiary could be changed at any time upon his application.

Third. In the summer of 1903 he entered into a treaty of marriage with Minnie Oberfeld, who was a widow with one daughter, and after some negotiations between the parties, conducted in part at least by go-betweens, it was agreed that he should marry her and that he should give her the benefit certificates which he had in his favor, including the one in question here, and should make a will in her favor. He thereupon, in November, 1903, a few days before the marriage ceremony took place, changed the beneficiaries in the policies in question to the defendant, Minnie Ulanowsky, designating her by that name, and the marriage was thereupon celebrated and a short time thereafter he made a will which undertook to give her all the proceeds of the policies held by him, including the one in question herein. The transfer of this policy and the other policies to her name and for her benefit was a considerable part of the consideration entering into the ante-nuptial contract between the parties, and the marriage was entered into by Minnie Ulanowsky upon the faith of it.

Fourth. The husband and wife and the daughter of the wife lived together from that time to the time of his death. All of them worked industriously, the wife and

daughter at stripping tobacco and the husband at his trade of a cooper; but during a considerable part of the time he was not able to work on account of sickness. The dues to the society were paid, in large part at least, by the wife from her own earnings.

Fifth. A year or two before Ulanowsky's death his daughter Rosa came to Pittsburgh, and soon thereafter married; and in November, 1908, Ulanowsky took the certificate in question in this case and surrendered it, and had a new certificate issued wherein his daughter Rosa Adelman was named as beneficiary. The contention of the wife as to how this came about was that while her daughter was sick in the hospital, in September of 1908, her husband took this policy from the drawer in the house in which she kept the policies and the will, and caused the change of the beneficiary to be made, and that upon her return and discovery that it had been taken her husband explained to her that he had taken it at the solicitation of his daughter, but that it could do the wife no harm because it was given to her in the will and that for that reason he had left the will with the papers, and that she was satisfied with that explanation that it did not affect her rights. The contention of the daughter is that this change was made with the full knowledge and consent of the wife; that the wife complained that the payments of dues were too heavy and that she would rather save the money in another form, and agreed that her husband might turn over this policy to his daughter, as he had not given her anything else upon her wedding. The testimony of the parties is flatly contradictory on this point. As the wife evidently set great store by these policies, and the health of her husband was precarious, we are inclined to believe it highly improbable that she would agree to give them up after having paid the dues on them for a considerable time. We therefore find as a matter of fact that the policy was not taken by her husband with her consent, but that she knew of it being taken a month or two afterwards, as stated by herself.

Sixth.   The husband died in March, 1913.

### CONCLUSION OF LAW.

First.   Minnie Ulanowsky having agreed, in consideration of being made beneficiary in the policy herein, to marry the insured, and having performed that promise, acquired an equitable right in the benefit represented by the certificate.   A formal transfer of the certificate into her name had been in fact made a few days before the marriage.   This would have been void if the marriage had not taken place, but when the marriage did take place, in the absence of any objection on the part of the society she acquired a legal as well as an equitable right to the benefit of the certificate, which could not be taken away from her without her consent; Penna. R. R. Co. v. Wolfe, 203 Pa. 269.

Second.   The change of beneficiary brought about by the insured without the consent of his wife and contrary to her interest was ineffectual to deprive her of her right to the proceeds, and makes the new beneficiary, in effect, a trustee of the proceeds for the wife.

Third.   Minnie Ulanowsky is therefore entitled to be paid the money in court, less the poundage and the amount of dues paid by Rosa Adelman from the transfer of the certificate to the death of the insured, which we understand the counsel for Minnie Ulanowsky to concede her right to have, which amount should be paid to her.   This amount is a matter of calculation, and if counsel do not agree upon is to be ascertained by the court before an order of payment is made.

The court decreed that Minnie Ulanowsky be paid the sum of two thousand dollars less the poundage and the amount of dues paid by Rosa Adelman from the transfer of the certificate to the death of Israel Ulanowsky. Rosa Adelman appealed.

*Errors assigned* were, among others, the findings of fact, conclusions of law and decree of the court.

W. W. *Stoner,* for appellant.

*Charles H. Sachs,* for appellee.

PER CURIAM, October 26, 1914:

This judgment is affirmed on the findings of fact and conclusions of law of the learned court below.