SUPREME COUNCIL OF THE ROYAL ARCANUM *v.* BEHREND.

LIFE INSURANCE; POLICIES; CHANGE OF BENEFICIARY.

1. Under the act of Congress of January 26, 1887 (24 Stat. at L. 367, chap. 47) and sec. 657, D. C. Code (31 Stat. at L. 1294, chap. 854), the effect of which is the same, no defense to an action on a policy of insurance will be permitted that is based upon something not contained therein or attached thereto. (Following *Metropolitan L. Ins. Co.* v. *Hawkins,* 31 App. D. C. 493, and *Metropolitan L. Ins. Co.* v. *Burch,* 39 App. D. C. 397.)

2. In an action against a foreign corporation doing business in the District of Columbia, one of the objects of which was to establish a benefit fund for the benefit of widows and orphans of its members, to recover on a benefit certificate issued on the life of a member and naming his wife as beneficiary, it is no defense that a new certificate had been issued to the insured, on his application and without his wife's consent, naming a different beneficiary, in the place of the old certificate, under a rule of the insurer providing that in case a certificate was lost or beyond the member's control, he might surrender all claim thereto and direct that a new certificate be issued to him, payable to the same or a new beneficiary; where it appears that nothing was attached to or accompanied the certificate sued on when

Note.—As to right to change beneficiary of life insurance policy as affected by consideration from original beneficiary, see notes in 12 L.R.A. (N.S.) 1206, and 33 L.R.A.(N.S.) 773.

it was issued, and that the insured delivered it to his wife as a wedding present after he had paid the first premium, and that it had since remained in her possession, and that she had promptly paid all of the premiums out of her separate estate. (Mr. Chief Justice Shepard dissenting.)

No. 2864. Submitted January 6, 1916. Decided March 6, 1916. Rehearing granted March 25, 1916. Resubmitted April 4, 1916. Decided May 22, 1916.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered for want of a sufficient affidavit of defense in an action on a policy of life insurance.                                          *Affirmed.*

The facts as stated in the first opinion of the COURT, were as follows:                              °

"This is an action brought by Sue B. Behrend against the Supreme Council of the Royal Arcanum to recover $3,000, the amount of a certificate of insurance upon the life of Samuel K. Behrend, her husband, who was a member of said association.

"The declaration in ordinary form, with several counts, set out the certificate and the claim of the plaintiff as beneficiary therein, and was accompanied with an affidavit in compliance with the 73d rule.

"The defendant filed pleas setting up that it is a fraternal beneficial association organized under the laws of the State of Massachusetts; that about March 1, 1899, the benefit certificate was issued to Samuel K. Behrend as a member of the council in Washington, by which, under certain conditions, it agreed to pay plaintiff, as beneficiary, the sum of $3,000 upon the death of said Samuel K. Behrend, provided the certificate had not been surrendered by the member and a new certificate issued at his request in accordance with the laws of the order; that the laws of the plaintiff's order, in force at the time of the issuance of this certificate, authorized a change of beneficiary, and provided the manner of effecting the same; a printed copy

of said laws was attached to the pleas. and made part of the affidavit, and it is agreed to be taken as a true statement of the constitution and laws of the plaintiff; that about August 8, 1913, the said member, Behrend, in accordance with the laws and rules of the order satisfied the supreme secretary that the certificate was beyond his control, and surrendered all claim thereunder, and directed the defendant to issue to him a new certificate payable to his daughter and son, named therein, and, upon payment of the required fee, had delivered to the member a new certificate in which the defendant agreed to pay to the said beneficiaries the sum of $3,000 upon the death of the said member; that thereby the certificate formerly issued to plaintiff as beneficiary has become null and void; that said S. K. Behrend was of sound mind when the aforesaid change of certificate was directed to be issued and was issued. Other pleas similar to these were filed also.

"The affidavit of defense set up all the facts in detail supporting the defense pleaded.

"Upon motion, the court, holding the plaintiff's affidavit sufficient, and that of the defendant insufficient, rendered judgment for the plaintiff for the full amount of her claim.

"The constitution and laws of the Royal Arcanum, referred to above, show articles of incorporation duly filed and certified under the laws of the State of Massachusetts as a fraternal and beneficial association.

"The objects of the order are: First, to unite fraternally all white men of sound bodily health and good moral character, who are socially acceptable and between eighteen and fifty-five years of age. Second, to give all moral and material aid in its power to its members and those dependent upon them. Third, to educate the members socially, morally, and intellectually, and to assist the widows and orphans of deceased members. Fourth, to establish a fund for the relief of distressed and sick members. Fifth, to establish a fund for the payment of disability and old-age benefits. Sixth, to establish a widows and orphans benefit fund, from which, on satisfactory evidence

of the death of a member who has complied with all its lawful requirements, a sum not exceeding $3,000 shall be paid to the wife, children, relative of, or persons dependent upon such member, as limited and described in the laws of said order.

"The general laws provide that no person shall be admitted to membership except between the ages of eighteen and fifty-five years, must be a man of sound health, of good moral character, believer in a Supreme Being, and competent to earn a livelihood for himself and family.

"Certain occupations are proscribed. These include selling or serving intoxicating liquors at retail or wholesale, and certain railroad employees, enlisted men in the Army, enlisted men in the Navy, electric railway or light linemen, telegraph and telephone linemen, and other dangerous occupations.

"Each applicant is required to sign an application for admission to membership, giving his birth, age, occupation, residence, and so forth, and the name, residence, and relationship or dependence of his proposed beneficiary. The application must be accompanied with a fee for a medical examination. The medical examiner is required to make a careful examination and report. If rejected by the supervising medical examiner, he shall be declared ineligible. If he refuses or neglects to undergo an examination within six weeks from the date of the secretary's notice, he shall be declared rejected. Each applicant on presenting himself shall sign the application to the order to pay to the widows and orphans benefit fund the assessment for the current month prescribed and fixed for his age at the time of receiving the degree. Each applicant receives a benefit certificate, and he shall enter upon his application the name or names, residence, relationship, or dependence of the person or persons of the classes entitled, to whom he desires his benefit paid, and the same shall be entered in the benefit certificate according to said direction. A list of the persons designated included members' wives, children, parents, brothers, and sisters, and so forth.

"Rule 333 of the order provides that a member may at any

time, when in good standing, pay a fee of 50 cents, make a written surrender of his benefit certificate, and direct that a new certificate be issued to him, payable to such beneficiary or beneficiaries as such member may designate, in accordance with the laws of the order.

"Rule 336 provides that in case a benefit certificate is lost or beyond a member's control, the member may in writing surrender all claim thereto, and direct that a new certificate be issued to him, payable to the same or a new beneficiary or beneficiaries in accordance with the laws of the order, and be entitled to such new certificate if, but not until, he shall furnish proofs of the facts in the case, by an affidavit or otherwise, to, and to the complete satisfaction of, the secretary, and shall pay the required fee of 50 cents.

"Rule 337. The change of beneficiary, if the new beneficiary is a person who would be a legal beneficiary, shall take effect upon the delivery of the benefit certificate, the written surrender, and direction for change as provided in the laws of the order, and in case the certificate is lost or beyond the control of the member the proof thereof, and the payment of the fee of 50 cents to the regent, secretary, and so forth.

"Rule 338 provides, the issuing of a new benefit certificate, in accordance with the laws of the order, shall cancel and render null and void any and all previous certificates issued to the member, but this provision shall not limit or affect any other law of the order rendering null and void such previous certificate, nor shall such issuance be a necessary condition precedent to such cancelation.

"Other rules provided tables for assessing the payments on certificates adjusted to the ages of members, and these assessments shall be paid to the collector without notice, in twelve regular assessments in each calendar year.

"These assessments constitute the widow and orphans benefit fund, and it is provided that whenever that fund shall exceed the amount of the liabilities then reported, and it shall be deemed advisable to do so, the treasurer shall transfer such

excess to and for a fund known as the emergency fund, and notify the supreme secretary of the time and amount of such transfer, and it provides that this fund may be used to pay current mortuary liabilities or permanent disability or old-age benefits, whenever the supreme council by a two-thirds vote shall so direct. The income of said fund shall be added to the fund and become a part thereof, and the same shall not be used for any other purpose than the payment of mortuary liabilities or disability or old-age benefits. It is also provided that a member who becomes totally and permanently disabled as a result of disease or accident, and is seventy years of age or upwards, shall be entitled to receive a disability or old-age benefit. These amounts shall be such as the executive committee shall deem equitable and just.

"Rule 606 provides, as a means of promoting the social and fraternal features of the order, councils or members may organize auxiliary societies of ladies, hospital associations, and employment bureaus.

"The aforesaid book of constitution and laws provided in detail the duties of all officers, and the form of applications and questions to be propounded by medical examiners, but the provisions noted above are all that seem material to the case.

"The only substantial allegation of the plaintiff's affidavit, undenied in the affidavit of defense, is that the application of the insured for membership, upon which the certificate issued, is not attached thereto.

"The certificate was issued upon the application of Behrend to become a member of a subordinate council established in the District of Columbia."

*Mr. Philip Walker* and *Mr. Howard C. Wiggins,* for the appellant:

The Massachusetts law governs the character of the appellant and of the organization of which it is the head, the Royal Arcanum. The Royal Arcanum is a fraternal benefit society under

the Massachusetts law. The Royal Arcanum being a fraternal benefit society, the appellee had no vested interest in a benefit certificate issued by it, and the member might change his beneficiary at will, if he complied with the laws of the order in so doing. The change of beneficiary in this case was lawfully made. *National Union* v. *Sawyer,* 42 App. D. C. 475; *Supreme Council, R. A.* v. *Green,* 237 U. S. 531; *Moore* v. *Pywell,* 29 D. C. App. 312; *Ogle* v. *Barron,* 247 Pa. 12; *Berkeley* v. *Harper,* 3 App. D. C. 308; *Holeyoke Company* v. *Lyman,* 15 Wall. 500; *Vogt* v. *Kersten,* 164 Ill. 314; *Lockett* v. *Lockett,* (Ky.) 80 S. W. 1152; *Fowler* v. *Junior Order U. A. M.* 108 N. Y. Supp. 1017; *Delaney* v. *Delaney,* 175 Ill. 187; *Holden* v. *Modern Brotherhood of America,* 151 Ia. 673; *Grand Lodge* v. *Kohler,* 106 Mich. 121; *Jorey* v. *Supreme Council,* 105 Cal. 20; *Lahey* v. *Lahey,* 174 N. Y. 146.; *Briarly* v. *Equit. A. Union,* 170 Mass. 218; *Jory* v. *Supreme Council,* 105 Cal. 20; *Smith* v. *Locomotive Engineers,* 76 S. E. 44; *Henderson* v. *Mod. Woodmen of Am.* 146 S. W. 102; *Vaughan's Adm.* v. *Mod. Brotherhood of A.* 149 S. W. 937; *Supreme Court I. O. F.* v. *Frise,* 150 N. W. 110; *McIntyre* v. *Mod. Woodmen of A.* 200 Fed. 1; *Sabin* v. *Phinney,* 134 N. Y. 428; *Supreme Court, etc.* v. *Gehrenbach,* 124 Cal. 43; *Golden Star Fraternity* v. *Martin,* 59 N. J. L. 207; *Supreme Conclave, R. A.* v. *Cappella,* 41 Fed. 1; *Berkley* v. *Harper,* 3 App. D. C. 308; *Masonic Mutual Benefit Asso.* v. *Tolles,* 70 Conn. 537; *Middeke* v. *Balder,* 198 Ill. 590; *Carter* v. *Carter,* 35 Ind. App. 73; *Wandell* v. *Mystic Toilers,* 130 Ia. 639; *Proctor* v. *Order of Golden Star,* 89 N. E. 1042; *Grand Lodge, A. O. U. W.* v. *Frank,* 133 Mich. 232; *Grand Lodge A. O. U. W.* v. *McFadden,* 111 S. W. 1172; *Brown* v. *A. O. U. W.* 208 Pa. 101; *Shipman* v. *Protected Home Circle,* 174 N. Y. 409; *Shunck* v. *Gegenzeiten,* 44 Wis. 375; *Masonic Ben. Soc.* v. *Burkhart,* 110 Ind. 192; *Eastman* v. *Provident M. R. A.* 62 N. H. 555; *Van Bibber* v. *Van Bibber,* 82 Ky. 350; *Drum* v. *Benton,* 13 App. D. C. 245; *Clark* v. *Mut. Res. Fund Life Asso.* 14 App. D. C. 154; *Stocker*

v. *Boston Mutual Life Asso.* 170 Mass. 224; *Nugent* v. *Greenfield Life Asso.* 172 Mass. 278; *American Home L. Ins. Co.* v. *Drake,* 30 App. D. C. 263.

*Mr. W. Gwynn Gardiner* and *Mr. Blaine Coppinger,* for the appellee:

1. The contract was a District of Columbia contract. *National Union* v. *Sawyer,* 42 App. D. C. 475.

2. The appellant is an insurance company, and not a fraternal beneficial association as defined by the sections of our law relating to fraternal beneficial associations. *National Union* v. *Marlow,* 74 Fed. 775; *Keeton* v. *National Union,* 165 S. W. 1107; *Heagany* v. *National Union,* 143 Mich. 186.

3. If a contract is one of insurance, the beneficiary has a vested right in an insurance policy. *Bank of Washington* v. *Hume,* 128 U. S. 196.

4. The fact that the company is a fraternal association would not, however, defeat this claim. Where a beneficial association comes into a State, and seeks to do business of the character of the business being done by the appellant in this case, it is bound by the statute of that State regulating insurance, the same as an insurance company, and would therefore be bound by the law which was in force in the District of Columbia at the time of the issuance of the policy, to wit, the act of January 26, 1887, requiring them to attach all papers relied upon by it as being the contract to the policy and delivered with it. 29 Cyc. 8; *Marlow* v. *National Union,* 74 Fed. 775; *Corley* v. *Travelers Protective Asso.* 105 Fed. 854–859; *Com.* v. *Wetherbee,* 105 Mass. 149 (a leading case); *Marcus* v. *Heralds of Liberty,* 241 Pa. 429–432; *Rockhold* v. *Canton Masonic Mut. Ben. Soc.* 129 Ill. 440; *Kansas* v. *National Asso.* (Tex.) 16 S. W. 633; *Grimes* v. *N. W. Legion of Honor* (Iowa) 64 N. W. 808; *Baltzell* v. *Modern Woodmen,* 98 Mo. App. 156; *Burns* v. *Modern Woodmen,* 115 Iowa, 450; *Stock* v. *Supreme Lodge,* 113 Iowa, 224; *Brace* v. *Chartrand,* 12 L.R.A.(N.S.) 209;

*Marcus* v. *Heralds of Liberty*, 241 Pa. 429; *Rockhold* v. *Canton Masonic Benevolent Society*, 129 Ill. 440; *Toomey* v. *Supreme Lodge*, 147 N. W. 129; *Supreme Council* v. *Larmour*, 16 S. W. 633–635; *Modern Brotherhood* v. *Lock*, 22 Colo. App. 409; *State ex rel.* v. *National Asso.* 35 Kan. 51–55; *International Fraternal Alliance* v. *State*, 86 Md. 550.

5. This policy was a gift to the wife, and her property right in the certificate could not be taken away by any subsequent act of his, since the recipient had, as the result of said gift, and to protect said gift, paid out of her own pocket, out of her sole and separate estate, a large sum, practically one third of the face of the policy. *Mackall* v. *Mackall*, 135 U. S. 167.

6. Appellant is bound by section 6 of the act of January 26, 1887, providing that a life insurance company shall attach the application to the policy. 25 Cyc. 746; *McMaster* v. *New York L. Ins. Co.* 183 U. S. 25. Where the application is not attached to the policy it shall not be considered a part of it, and, of course, the by-laws would be no more a part than the application. *Metropolitan L. Ins. Co.* v. *Hawkins*, 31 App. D. C. 493; *Metropolitan L. Ins. Co.* v. *Burch*, 39 App. D. C. 397.

7. Where there is a difference between the policy and the by-laws, the terms of the policy should govern. *Prudential Ins. Co.* v. *Lear*, 31 App. D. C. 184; *International Travelers' Asso.* v. *Branum* (Tex. Civ. App.) 169 S. W. 389; *Stirn* v. *Supreme Lodge* (Wis.) 136 N. W. 146; *Met. Life* v. *Hawkins*, 31 App. D. C. 493; *Met. Life Ins. Co.* v. *Burch*, 39 App. D. C. 397.

8. Under the affidavit of plaintiff in this case, which is not denied, there would be an insurable interest in the wife which could not be devested without her consent, irrespective of the character of certificate issued. *Smith* v. *National Benefit Soc.* (N. Y.) 9 L.R.A. 616; *Order of Columbian Knights* v. *Matzel*, 184 Ill. App. 15; *Woman's Catholic Order of Forresters* v. *Hill*, 191 Ill. App. 629; *McKeon* v. *Ehringer* (Ind.) 95 N. W. 604; *Stockwell* v. *Reid* (Mich.) 136 N. W. 476; *Callahan* v. *Supreme Tent*, 121 N. Y. Supp. 354; *King* v. *Supreme Council*, 215 Pa. 553; *Strong* v. *Supreme Lodge*, 189 N. Y.

346; *Royal Arcanum* v. *Tracey,* 169 Ill. 123; *Knights of Pythias* v. *Farrell,* 33 L.R.A.(N.S.) 777; *Modern Maccabees* v. *Sharp,* 33 L.R.A. 870.

Mr. Justice ROBB delivered the opinion of the Court on the rehearing:

The appellee, Sue B. Behrend, having filed a petition for a rehearing, it was allowed upon the following point: Had the beneficiary of the certificate a vested interest in the same, that could not be devested by the issue of a substitute certificate without the surrender of the original, and without the consent of the beneficiary named in the original certificate?

The so-called benefit certificate, which we have held to be in effect a policy of insurance, was issued March 1, 1899. In it the appellant corporation promised to pay *"to Sue B. Behrend (wife)"* a sum not exceeding $3,000, "upon satisfactory evidence of the death of said member, and upon the surrender of this certificate; provided that said member is in good standing in this order at the time of his death, and provided also that this certificate shall not have been surrendered by said member and another certificate issued at his request, in accordance with the laws of this order." Appended to the certificate was a "Form for Change of Beneficiary," which apparently requires the surrender of the certificate as a condition to the issuance of another. In the affidavit of merit accompanying the declaration it is alleged that nothing was attached to or accompanied the certificate when it was issued; that Behrend, to whom it was issued, paid the first premium, and then delivered the certificate to his wife, the appellee, as a wedding present; that it since has been in her possession, and that she has "paid practically all of the premiums on the same out of her separate estate." Attached to and made a part of the affidavit is a copy of a letter which she received from the company's secretary, under date of September 4, 1913, and reading in part as follows:

"Madam: Your husband, Mr. Samuel K. Behrend, has made

affidavit that his benefit certificate is held by you, and has furnished evidence which is satisfactory to me that it is beyond his control, and as provided in our law I have issued him a new benefit certificate, which canceled and rendered null and void any and all certificates previously issued to him."

Appellant *now* seeks to avoid its liability upon the ground that under rule 336 of the order*, quoted in full in the former opinion, a member was authorized to obtain the issuance of a new certificate by satisfying the secretary that the old was beyond his control. But in making this contention appellant entirely overlooks our ruling that the business in which it was engaged in this District was "a system of assessment life insurance," and that the laws of the District applicable to business of that kind apply.

When this policy was issued, the act of January 26, 1887 (24 Stat. at L. 367, chap. 47), required each life insurance company doing business here to attach to every policy issued by it "a copy of the application made by the insured, so that the whole contract" might appear in said application and policy. Later this act was superseded by section 657 of the code [31 Stat. at L. 1294, chap. 854], but as the effect of these two provisions of law is the same, it is unnecessary for us to determine which applies here. The later enactment simply makes plainer the intent of the former, namely, that no defense to a policy should be permitted that was based upon something not contained therein or not attached thereto. *Metropolitan L. Ins. Co.* v. *Hawkins,* 31 App. D. C. 493, 14 Ann. Cas. 1092; *Metropolitan L. Ins. Co.* v. *Burch,* 39 App. D. C. 397. It follows, therefore, that we must look solely to the terms of the contract, that is, to the terms of this so-called benefit certificate, to determine the measure of the insured's right to change the beneficiary.

The appellee, as previously stated, was the wife of Behrend at the time this policy was issued, and was named as the beneficiary therein. Not only this, but the policy was delivered to and subsequently held by her, and the second policy was issued

---

*See *ante,* page 264.

without her consent.   In our view, the rule laid down in *Central Nat. Bank* v. *Hume,* 128 U. S. 195, 32 L. ed. 370, 9 Sup. Ct. Rep. 41, is controlling here.   In that case it was ruled that a married man may rightfully devote a moderate portion of his earnings to insure his life for the purpose of making reasonable provision for his family after his death, without being held to intend to hinder, delay, or defraud his creditors, provided that no such fraudulent intent is shown to exist, or must necessarily be inferred from the surrounding circumstances.   After pointing out that the wife and children have an insurable interest in the life of the husband and father, the court said:  "We think it cannot be doubted that in the instance of contracts of insurance with a wife or children, or both, upon their insurable interest in the life of the husband or father, the latter, while they are living, can exercise no power. of disposition over the same without their consent, nor has he any interest therein of which he can avail himself, nor upon his death have his personal representatives or his creditors any interest in the proceeds of such contracts, which belong to the beneficiaries to whom they are payable.   It is indeed the general rule that a policy, and the money to become due under it, belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance by any act of his, by deed or by will, to transfer to any other person the interest of the person named."   It was held that this rule applied "in respect to policies running to the person insured, but payable to another having a direct pecuniary interest in the life insured."   The court directed attention to the obvious distinction between the transfer of a policy taken out by a person upon the insurable interest in his own life and payable to himself or his legal representatives, and the obtaining of a policy upon the insurable interest of his wife and children and payable to them.

While it is unnecessary to determine what the rights of appellee would have been had we adopted appellant's contention that it was merely a fraternal beneficial association, attention

may be directed to the ruling in *Supreme Lodge, K. L. H.* v. *Ulanowsky,* 246 Pa. 591, 92 Atl. 711. There a member of a fraternal and beneficial society held a benefit certificate payable to his daughter. The rules of the organization permitted a change of the beneficiary at any time on the application of the member. Prior to his second marriage, this member entered into an agreement to give his intended wife the certificate upon their marriage, and this agreement was carried out. Thereafter the wife paid a large part of the dues of the society out of her earnings. The husband, without the consent of his wife, again made his daughter the beneficiary, and upon his death both claimed the proceeds of the certificate. The court held that *upon delivery to the wife* "she acquired a legal as well as an equitable right to the benefit of the certificate, which could not be taken away from her without her consent." See also *Lemon* v. *Phœnix Mut. L. Ins. Co.* 38 Conn. 294.

In the present case the appellee had an insurable interest in the life of her husband, and when this certificate or policy was issued, naming her as the beneficiary, her interest therein became fixed and certain. It therefore is no defense to this action that a second certificate was issued in utter disregard of her rights. The judgment of the trial court therefore was correct, and is affirmed, with costs.                    *Affirmed.*

Mr. Chief Justice SHEPARD dissenting:

I am compelled to dissent from the opinion and judgment in this case.

It was tried upon affidavits on a motion for judgment under rule 73. The affidavit of defense sets out the constitution and laws of the Royal Arcanum. This constitution and laws show articles of incorporation filed and certified under the laws of Massachusetts.

From this it appears that the objects of the order are: First, to unite fraternally all white men of sound bodily health and good moral character, who are socially acceptable and between

eighteen and fifty-five years of age. Second, to give all moral and material aid in its power to its members and those dependent upon them. Third, to educate the members socially, morally, and intellectually; and to assist the widows and orphans of deceased members. Fourth, to establish a fund for the relief of distressed and sick members. Fifth, to establish a fund for the payment of disability and old-age benefits. Sixth, to establish a widows and orphans benefit fund, from which, on satisfactory evidence of the death of a member who has complied with all its lawful requirements, a sum not exceeding $3,000 shall be paid to the wife, children, relative of, or persons dependent upon, such member, as limited and described in the laws of said order.

The general laws provide that no persons shall be admitted to membership except between the ages of eighteen and fifty-five years, must be a man of sound health, of good moral character, believer in a Supreme Being, and competent to earn a livelihood for himself and family.

Certain occupations are proscribed. These include selling or serving intoxicating liquors at retail or wholesale, and certain railroad employees, enlisted men in the Army, enlisted men in the Navy, electric railway or light linemen, telegraph and telephone linemen, and other dangerous occupations.

Each applicant is required to sign an application for admission to membership, giving his birth, age, occupation, residence, and so forth, and the name, residence, and relationship or dependence of his proposed beneficiary. The application must be accompanied with a fee for a medical examination. The medical examiner is required to make a careful examination and report. If rejected by the supervising medical examiner he shall be declared ineligible. If he refuses or neglects to undergo an examination within six weeks from the date of the secretary's notice he shall be declared rejected. Each applicant on presenting himself shall sign the application to the order to pay to the widows and orphans benefit fund the assessment for the current month prescribed and fixed for his age at the time of receiving

the degree.    Each applicant receives a benefit certificate, and he shall enter upon his application the name or names, residence, relationship, or dependence of the person or persons of the classes entitled to whom he desires his benefit paid, and the .same shall be entered in the benefit certificate according to said direction.    A list of the persons designated included members' wives, children, parents, brothers, and sisters, and so forth.

Rule 333 of the order provides that a member may at any time, when in good standing, pay a fee of 50 cents, make a written surrender of his benefit certificate, and direct that a new certificate be issued to him, payable to such beneficiary or beneficiaries as such member may designate, in accordance with the laws of the order.

Rule 336 provides that in case a benefit certificate is lost or beyond a member's control, the member may, in writing, surrender all claim thereto, and direct that a new certificate be issued to him, payable to the same or a new beneficiary or beneficiaries in accordance with the laws of the order, and be entitled to such new certificate if, but not until, he shall furnish proofs of the facts in the case, by an affidavit or otherwise, to, and to the complete satisfaction of, the secretary, and shall pay the required fee of 50 cents.

Rule 337.    The change of beneficiary, if the new beneficiary is a person who would be a legal beneficiary, shall take effect upon the delivery of the benefit certificate, the written surrender, and direction for change as provided in the laws of the order; and in case the certificate is lost or beyond the control of the member the proof thereof, and the payment of the fee of 50 cents to the regent, secretary, and so forth.

Rule 338 provides the issuing of a new benefit certificate, in accordance with the laws of the order, shall cancel and render null and void any and all previous certificates issued to the member, but this provision shall not limit or affect any other law of the order rendering null and void such previous certificate, nor shall such issuance be a necessary condition precedent to such cancelation.

Other rules provided tables for assessing the payments on certificates adjusted to the ages of members, and these assessments shall be paid to the collector without notice, in twelve regular assessments in each calendar year.

The Royal Arcanum was a beneficial association consisting of members, but was nevertheless engaged in insuring the lives of its members in the District of Columbia. It consisted of members who joined the order upon application, and to whom benefit certificates were issued upon payment of said assessment, which might be increased from time to time at the will of the order.

The member Behrend joined the order and received his benefit certificate March 1, 1899. This certificate is conditioned upon the member being in good standing at the time of his death, and that the certificate shall not have been surrendered by the member, and another issued, at his request, in accordance with the laws of the order, which permit the change of beneficiary.

The affidavit of defense shows that the beneficiary in this certificate had been changed by the member sometime before his death, in the manner prescribed by the constitution and laws. It is contended in support of the judgment that this action must be controlled by section 6 of an act of Congress regulating insurance in the District of Columbia, approved January 26, 1877.

This act of six sections relates to life and fire insurance in the District of Columbia, and section 6 was intended to remedy the effect of the decisions, which had established a rule to the effect that when an application was referred to in a policy of life insurance or fire insurance that a defense could be made upon the falsity of any warranty therein. Consequently the application was required to be attached to the policy, so that the insured might have in his possession the whole contract. The provision of section 6 is as follows: Each life insurance company doing business in the District of Columbia shall attach to each policy issued by such company a copy of the application made by the insured, so that the whole contract may appear in said application and policy.

This section was changed by section 657 of the Code of the District of Columbia [31 Stat. at L. 1294, chap. 854], which requires each life insurance company, benefit order, or association doing a life insurance business, to deliver with each policy a copy of the application made therefor, so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in or omitted from such application.

The certificate was in force at the time this section was enacted. This section was intended to obviate the defect in the former one. It covered just such cases as this, where the application does not form any part of the contract, but the rules of the order enter into it.

The plaintiff had no vested interest that renders the laws of the order inoperative as to her. *Berkeley* v. *Harper,* 3 App. D. C. 308–313; *Grand Lodge, A. O. U. W.* v. *Kohler,* 106 Mich. 121, 63 N. W. 897; *Holden* v. *Modern Brotherhood,* 151 Iowa, 673–680, 132 N. W. 329; *Lahey* v. *Lahey,* 174 N. Y. 146, 61 L.R.A. 791, 95 Am. St. Rep. 554, 66 N. E. 670; *Voigt* v. *Kersten,* 164 Ill. 314, 45 N. E. 543.

This section affected the remedy on contracts of insurance, and did not apply to a change in a contract.

Moreover, Congress is under no inhibition against the enactment of laws impairing the obligation of a contract.

The defense in this case is not based on anything set out or omitted from the application.

Admitting that the insured is a member in good standing, had paid all assessments, and that his certificate was valid, the defense is that as a member of this mutual association he accepted the certificate with the knowledge that he might change the beneficiary by complying with the laws of the order provided therefor. This change was made in due compliance with the laws. The certificate was issued, received, and held by the beneficiary subject to the right to change the beneficiary.

I am of the opinion that the judgment should be reversed.

The Supreme Court of the United States granted a writ of certiorari which was received by this court October 23, 1916.