## Keating *v.* Rockhill, Appellant.

*Beneficial societies—Death benefits—Change of beneficiary by will—Rights of former beneficiary as against substitute.*

The failure to have a wife's name substituted as the beneficiary in a certificate, or on the books of a beneficial society does not destroy her rights against the original beneficiary in an action to recover the money collected by the latter. Rules requiring such changes are for the protection of the beneficial society and the failure of the insured to comply with them might have furnished ground for a defense by it. Such failure cannot defeat a claim by the widow for money collected on the certificate by the original beneficiary.

Where a member of a beneficial society, by his will, substituted his wife as the beneficiary on a policy of insurance and the original beneficiary, having obtained the certificate upon the promise that

he would pay the funeral expenses and remit the balance to the widow, afterwards refused to make such payment, he will be considered a trustee ex maleficio and a judgment against him will be affirmed.

Argued October 14, 1921. Appeal, No. 121, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, September Term, 1920, No. 488, in favor of plaintiff in case tried by the court without a jury in the suit of Mae Keating v. Charles S. Rockhill. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover balance of proceeds of an insurance policy. Before CASSIDY, J., without a jury.

From the record it appeared that George J. Keating was a member of the Grand Fraternity, a beneficial society, and that he had taken out a policy of insurance designating Charles S. Rockhill the defendant, as the beneficiary. Subsequent to the issuing of this policy the said George J. Keating married Mae D. Keating, the plaintiff, and by his last will and testament executed on January 5, 1921, revoked the right of Rockhill to be his beneficiary and to receive the proceeds of the policy, namely $1,000. No notice of the change was given to the beneficial society.

After the death of Keating, the plaintiff alleged that she called the attention of the defendant to the change of beneficiary and that she gave him the beneficial certificate, upon his promise that he would pay the funeral expenses of the decedent and turn over the balance of the proceeds of the policy to the plaintiff. The defendant having collected the face value of the policy, paid the funeral expenses but did not pay over the balance of the fund, whereupon the plaintiff brought suit. The case was tried by the court without a jury and a judgment was entered in favor of the plaintiff in the sum of $481.41. Defendant appealed.

139, (1921).] Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Alvin Levi,* and with him *Clarence E. Blackburn,* for appellant.

*B. D. Oliensis,* and with him *Samuel P. Cohen,* for appellee.

OPINION BY HEAD, J., December 15, 1921:

The argument advanced by the learned counsel for the appellant goes far outside the crux of the case. We are not concerned with the possible lines of defense that might have been made by the association had either one of the parties now before us been compelled to sue it to recover the amount of the death benefit. The legal proposition we now have in mind has been well stated by Mr. Justice DEAN in R. R. Co. v. Wolfe, 203 Pa. 274, in the following language: "Nor does the failure to have the wife's name inserted as the beneficiary in the certificate or on the books of the association affect her right as against a mere volunteer." We suppose it will not be contended that because the defendant's name had been inserted in the original certificate he had any vested right in the sum of money represented by it. The member of the association retained the complete right to change the name of the beneficiary at his pleasure. To bind the association by any such change it was necessary the member should do certain things. Some of them he did not do in the case before us. His failure in this respect might have furnished ground for a defense by the association. It furnishes none for the present defendant. He would have had some difficulty in his effort to secure the amount of the insurance from the association if he were not able to furnish and turn over the certificate of the deceased member evidencing his right. That certificate was in the possession of his widow. Her right to that possession was the undoubted result of her

husband's will.  He desired her to have the benefit of his insurance certificate.  There was no reason why she should not have it and every reason why she should have it.  Whilst there is no specific finding of fact by the trial judge before whom the case was tried without a jury, his general finding in favor of the plaintiff implies that he accepted the testimony of the widow as to the conditions upon which she parted with the certificate. The defendant needed it.  To induce her to surrender it he told her that would be the easiest way to get the money from the association without any litigation.  As he was the named beneficiary in the certificate on the books of the association, it would be easy for him to get the money if he could produce and surrender the necessary certificate.  He told her that if she would turn over the certificate to him the money would be readily available from the association; that he would pay the funeral expenses of her husband out of the fund thus obtained, and would turn over the balance to her in accordance with the wishes of her husband as expressed in his will. On the faith of that promise she delivered the certificate.  He secured the money and paid the funeral expenses but has neglected and refused to pay to her the balance of the fund and insists it is his right to keep it. Under the facts which are practically undisputed, we cannot regard him as other than a trustee ex maleficio. We are of the opinion the money in his hands belonged to her.  There was, therefore, a good consideration for his promise to pay to her the money that would come into his hands after he secured the possession of the certificate.  This action rests upon his breach of that undertaking.  The assignments of error are overruled.

The judgment is affirmed.