Visnik et al. *v.* Mance, Appellant.

Argued January 26, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Henry Kauffman,* with him *Louis Little,* for appellant.

*A. C. Scales,* with him *Ivory & Ivory,* for appellees.

OPINION BY MR. JUSTICE BARNES, March 22, 1937:

The plaintiffs brought suit against the Travelers' Insurance Company to recover $3,500 representing the proceeds of two group life insurance policies upon the life of Frank Herman. As the insurance was also claimed by the defendant, an interpleader was granted upon petition of the Insurance Company and the money paid into court. The action then proceeded between plaintiffs and defendant as claimants to the fund. The insured, an employee of the Westinghouse Electric and Manufacturing Company, died on December 24, 1934. He held two life insurance certificates, which were afterwards superseded by policies, one for the face amount of $2,000, and the other for $1,500.

The insured several times exercised his right to change the beneficiaries named in the policies. The policy for $2,000 was originally payable to Emilia Visnik. On May 3, 1932, he duly designated and named as beneficiaries the plaintiffs, Amelia Visnik and Miladin Visnik, his daughter and son-in-law, respectively, with whom he was then living. The original beneficiary named in the policy for $1,500 was Amelia Price, "Uncle," whose identity is otherwise undisclosed. On May 3, 1932, the insured also designated the plaintiffs as beneficiaries of this second policy. It was conceded at trial that, on the date last mentioned, the designation of the plaintiffs as beneficiaries in both policies was regular and valid in all respects.

The claim of the defendant to the proceeds of the policies arises from the fact that on February 9, 1933, the insured had the policies made payable to the defend-

ant, Anna Mance, as sole beneficiary. Finally, on December 20, 1934, four days before his death, a re-designation of the beneficiaries in both policies was made by the insured in favor of the plaintiffs, which affords the basis of their claim to the insurance.

In the pleadings the issues were sharply drawn as to the validity of the respective changes of beneficiary from the plaintiffs over to defendant, and the eventual change back to the plaintiffs. The latter charged that on February 9, 1933, when the defendant was designated as beneficiary, the insured was intoxicated and the change then made was fraudulent and void. On the other hand, the defendant alleges that the last designation of plaintiffs was invalid because the insured was in a dying condition and incapable of knowing the nature of his act at the time.

An additional question was raised by the pleadings. In her original counterclaim, the defendant averred that the insurance money was properly payable to her in consideration of the various nursing, boarding, clothing and other services rendered to the insured. In an amendment to the counterclaim, filed several months later, the defendant set up a verbal agreement alleged to have been made with the insured on February 9, 1933, whereby he agreed to designate her as beneficiary, and further that he would not thereafter make any change of beneficiary in the policies, in consideration of her services to him as nurse. The defendant avers that she fully performed her duties under the alleged agreement, adequately caring for the insured during a period of almost two years. In their reply to this amendment, plaintiffs answered that the defendant received from the insured his monthly pension checks from his employer, which had fully paid her for any services.

At the trial each claimant attacked the validity of the designation of the other as beneficiary, and the case was submitted to the jury after a careful charge upon the issues of fact involved in the changes of benefi-

ciary. The jury returned a verdict in favor of the plaintiffs. Defendant filed motions for judgment non obstante veredicto and for a new trial. The motion for judgment was not pressed. The court in banc refused the motion for new trial, and judgment was entered on the verdict in favor of the plaintiffs, whereupon the defendant has taken this appeal.

The defendant assigns as error the refusal of the trial judge to affirm three points* for charge submitted on her behalf. Each of these points is predicated upon the proposition that the alleged verbal agreement of February 9, 1933, between defendant and the insured effected an equitable assignment to defendant of the policies, giving her a vested right to their proceeds, and estopped the insured thereafter from changing the beneficiary.

The law appertaining to the equitable assignment of the benefits of an insurance policy is well settled in this state. There is no doubt that a beneficiary named pursuant to a definite agreement that he shall be so named, by virtue of a valuable consideration moving from him, acquires a right in the policy or the proceeds thereof that will be protected against subsequently named beneficiaries who have no superior equity: *P. R. R. Co v. Wolfe*, 203 Pa. 269; *King v. Supreme Council, etc. Assn.*, 216 Pa. 553; *The Supreme Lodge v. Ulanowsky*, 246 Pa. 591; *Shumega v. First Cath. Slovak Union*, 61 Pa. Superior Ct. 126; *Keating v. Rockhill*, 78 Pa. Superior Ct. 139; *Gannon v. Gannon*, 88 Pa. Superior Ct. 239.

---

* Defendant's second, third and sixth requested points for charge, which were refused by the court are in effect a statement from a different angle of the same principle. The first of these points reads as follows:

"(2) If the jury find that Anna Mance furnished the decedent with the necessaries of life, and attended him in consideration of a promise by him to appoint her as beneficiary of the policies, she would acquire by reason of that agreement and because of the consideration furnished by her a vested right to the benefits."

However, the evidence in this case does not call for the application of the principles governing an equitable assignment of the benefits of an insurance policy. An examination of the record does not disclose sufficient testimony upon that point to entitle the defendant to have that question presented to the jury. Indeed, a verdict in her favor, based upon the theory of an equitable assignment of the policies could not be sustained. The defendant's own testimony precludes the existence of such an assignment to her of the policies. She concedes that the insured furnished money for his care from the pension checks he turned over to her. She also admits that he was free to name another beneficiary whenever he pleased, as clearly appears from her testimony as follows: "Q. You didn't intend, then, to collect $3,500 when you took the policies?" "A. No, if he stay with me, all right, if he don't, he could give to anybody he wants." The points submitted by the defendant were inappropriate in view of the character of this testimony.

It is clear from the record, particularly from the testimony of defendant and her witnesses, that the designation of defendant as beneficiary on February 9, 1933, was not the result of a definite and binding agreement between the insured and defendant, based upon a valuable consideration. In our opinion the controlling issues in this case are the validity and bona fides of the respective and conflicting changes of beneficiary upon which the contending claimants rely. These issues depend upon the physical and mental condition of the insured upon the days when the changes were made, and whether at those times there was fraud or undue influence used in obtaining from him the beneficiary designations. These questions were properly submitted to the jury which has found for the plaintiffs, and a review of the testimony does not convince us that its verdict should be disturbed.

Judgment affirmed.