524

## Hess v. Smith et al.

*Hervey B. Smith*, for plaintiff.

*Nicholas Piazza*, for Florence Smith, defendant.

*R. S. Hemingway*, for Metropolitan Life Insurance Company, defendant.

KREISHER, P. J., September 15, 1952.—On April 7, 1951, Melba I. Hess, plaintiff, brought a bill in equity against Florence F. Smith and the Metropolitan Life Insurance Company, and service of the bill was had on the company by serving Artemas C. Leslie, Insurance Commissioner, Harrisburg, Pa., and on Florence F. Smith personally. On April 23, 1951, Florence F. Smith filed her answer denying the principal averments set forth in the bill, and claimed the proceeds of a group life insurance policy by reason of being the last named beneficiary therein as against plaintiff, who claims proceeds by being a previously named beneficiary.

On April 24, 1951, the defendant company by its counsel entered its appearance, and on May 15, 1951, upon agreement of counsel, this court entered an order extending the time for filing further pleadings in the case by defendant company to the first Monday of June

1951.  On June 4, 1951, defendant company filed a petition under the Act of May 21, 1943, P. L. 471, 12 PS §583, praying that plaintiff and defendant, Florence F. Smith, interplead in the action as between themselves alone, by reason of the fact that defendant company desired to pay the sum in question into court, as the outcome of the contest between plaintiff and other defendant is immaterial to it, and it desired to be relieved from all liability upon payment into court of the amount, less reasonable counsel fees and costs.  On the same date the court granted the prayer of the petition, permitting defendant company to pay the sum of $1,007.91 into court, less counsel fees and expenses, and be relieved from further liability, and directed that plaintiff and defendant plead or interplead between themselves alone.

On June 19, 1951, the court held a hearing and the testimony was transcribed and filed October 11, 1951. Nothing further was done until August of 1952, at which time plaintiff placed the matter upon the argument list for the first Tuesday of September.  When the matter was called for argument counsel for the respective parties failed to submit any requests for findings of fact or conclusions of law, and they failed to argue the matter or submit to the court any briefs in support of their contentions.

From the admitted pleadings in the case and the testimony taken at the hearing, it appears that Warren A. Hess, late of the village of Mifflinville, this county, husband of plaintiff and father of defendant, was an employe of the American Car and Foundry Company of Berwick, and that he held a certificate of group insurance on his own life in the amount of $1,000.  Plaintiff is the stepmother of defendant, the deceased having remarried sometime during the late 1930's or early 1940's, and that there was one child born to said marriage, a boy, being approximately 10

years of age. From the time of his second marriage until October 19, 1949, deceased and his wife enjoyed marital bliss, at which time deceased suffered a paralytic stroke and thereafter strained relations began to exist. Plaintiff wife nursed her husband in their home for approximately one year, and he made some recovery. However, sometime during the month of October 1950, deceased left the home of plaintiff and went to live at the home of his married daughter, defendant, in the Borough of Berwick, approximately four miles distant. He continued to reside with his daughter until the early part of 1951, at which time he returned to Mifflinville, and lived for a short time with a sister, Mrs. Balliet, when he suffered a second stroke and on February 6, 1951, was removed to the Berwick Hospital, where he died on February 8th.

The group insurance policy on the life of deceased, dated February 10, 1948, apparently being the date that deceased retired from his employment, contained the name of his wife, plaintiff, as beneficiary. On November 13th, a short time after the deceased went to live with his daughter in Berwick, he went to the American Car and Foundry Company office and executed a request for a duplicate certificate of insurance, stating to the clerk in charge that his wife would not surrender the certificate to him, and he desired to change the beneficiary named therein, and in pursuance thereof, on the same date, he executed a change of beneficiary, naming his daughter, Florence F. Smith, defendant, as beneficiary.

Deceased, prior to his illness, executed a deed for the homestead property to his wife and minor son. The bill as filed by plaintiff wife, and as testified to at the hearing by plaintiff and her witnesses, alleges that defendant, Florence F. Smith, prevailed upon deceased by fraud and misrepresentation while he was infirm and of unsound mind, and by the use of undue

influence, accomplished the change in the name of the beneficiary of said certificate of insurance, and that because of this fraud and unsoundness of mind, the change of beneficiary is ineffective, and that plaintiff's superior equity entitled her to the proceeds of the policy irrespective of the change of beneficiary, which was fully executed and completed by deceased in accordance with the rules and regulations contained in the policy.

From the testimony it appears that deceased had no estate other than the proceeds from this policy of insurance with which to pay the doctor bill for his last illness, the hospital bill and the funeral expenses, and plaintiff testified that she has no funds with which to pay these bills, which remain unpaid and are approximately the amount of the insurance.

It further appeared at the hearing that shortly after deceased went to live with his daughter that he instituted an action in divorce. A master was appointed and a number of heated hearings were held as plaintiff wife contested the divorce, but before a final decree was entered, death had separated the parties.

Defendant daughter contends that the change of beneficiary was a voluntary act of her father's, made while of sound mind and understanding, and that she used no undue influence to procure the same, and she, therefore, stands upon her technical legal proposition that the policy as introduced into evidence is controlling.

We have reviewed the notes of testimony and the exhibits, and have concluded that there is a question of fact to be decided,, and that the court has the province under Rule 1513 of the Pennsylvania Rules of Civil Procedure to submit such question to a jury for an advisory verdict. The rule provides:

"The court on its own motion or upon the petition of any party may submit to trial by jury any or all issues of fact. The trial by jury shall be given a prefer-

ence on the trial list. The verdict of the jury shall be in the form of answers to specific questions and shall not be binding upon the court."

Equity Rule 61 is to the same effect as the above-quoted rule.

We believe that the language used by Mr. Justice Barnes in his opinion for the Supreme Court in the case of Visnik et al. v. Mance, 326 Pa. 399, 403, is applicable to the present case. He states:

"In our opinion the controlling issues in this case are the validity and bona fides of the respective and conflicting changes of beneficiary upon which the contending claimants rely. These issues depend upon the physical and mental condition of the insured upon the days when the changes were made, and whether at those times there was fraud or undue influence used in obtaining from him the beneficiary designations. These questions were properly submitted to the jury which has found for the plaintiffs, and a review of the testimony does not convince us that its verdict should be disturbed."

In the present case the very issue to be decided from the testimony of the respective parties depends upon the physical and mental condition of the insured upon the days when the change in the beneficiary was made, and whether at those times there was fraud or undue influence in obtaining this change of beneficiary. We believe that because of the voluminous testimony, that this question should be submitted to a jury for determination, and to this end we will frame the specific questions to be submitted to a jury at the next term of court, and this case, in accordance with that rule, is to be placed at the head of the trial list.

### Interlocutory Decree

And now, to wit, September 15, 1952, by authority of Rule 1513 of the Pennsylvania Rules of Civil Pro-

cedure, the court finds the existence of a substantial dispute of fact, and decides that the matter should be submitted to a jury for determination to try two questions, as follows:

1. On November 13, 1950, was Warren A. Hess of such sound mind, memory and understanding, and possessed of sufficient intellect and capacity to make and execute a valid change of beneficiary on his Metropolitan Life Insurance Company group insurance certificate?

2. Was the change of beneficiary on the Metropolitan Life Insurance Company group insurance certificate of Warren A. Hess wrongfully obtained by undue influence upon him by his daughter, Florence F. Smith?

It is hereby further ordered and decreed that the above-captioned case be placed upon the next trial list and be given a preference thereon.